## 43945. MILLHOLLAND v. NEAL et al.

DEEN, Judge. 1. (a) When Rule 26 (d), 28 USCA of the Federal Rules of Civil Procedure was adapted to the Georgia Code of Civil Practice, *Code Ann.* § 81A-126 (d), the language of the former indicating a regard for the "importance of presenting the testimony of witnesses orally in open court" was dropped and the following subsection was added: "(4) The deposition of a witness, whether or not a party taken upon oral examination, may be used in the discretion

of the trial judge, even though the witness is available to testify in person at the trial. The use of the deposition shall not be ground for excluding the witness from testifying orally in open court." Where, as here, a defendant in the case on appeal whose testimony was taken as a witness in another case growing out of the same transaction, was present in the courtroom, and the plaintiff, without calling the witness to testify, offered the deposition so taken in evidence in this case, the rule applicable in equivalent Federal situations is irrelevant, and the sole question is whether the ruling of the trial judge was an abuse of discretion. In this Georgia follows the rule formerly in effect. See *Southern R. Co. v. Dickson,* 138 Ga. 371 (2) (75 SE 462) and former *Code Ann.* § 38-2101. The court's ruling, on the plaintiff's tender of the depositions in evidence, was: "Now I want you to understand I am not overruling the question as stated in the deposition, but I am overruling—I am not allowing you to use that method as evidence, when you have the witness here for direct testimony. You may use it for whatever purpose you wish, after you use him to testify." The plaintiff did not, however, call the defendant as a witness. Was this ruling an abuse of discretion? "The order in which a party is to introduce his evidence is to be regulated by the discretion of the trial court." *Seal v. Aldredge,* 100 Ga. App. 458 (1) (111 SE2d 769); *White v. Wallen,* 17 Ga. 106; *Roberts v. Ga. Southern Supply Co.,* 92 Ga. App. 303 (88 SE2d 554); *Morgan v. Mull,* 101 Ga. App. 36 (2) (112 SE2d 661); *Canal Ins. Co. v. Tate,* 111 Ga. App. 377, 381 (141 SE2d 851). It may be argued, however, that this put an unnecessary burden on the plaintiff in the event he did not wish to call the defendant to the stand at all. But the right to use the deposition in place of a witness or party who is present in court is not absolute, and there is no showing that the plaintiff's rights were in any way prejudiced, especially in view of the fact that she could have called the defendant for cross examination only and would not have been bound by his testimony. The ruling of the court was not an abuse of discretion.

(b) The fact that counsel for the remaining defendants had stipulated in the prior action in which the deposition was taken that the deposition might be used in any case growing out of the same transaction did not restrict the discretion of

the trial court so as to demand a conclusion that it might be offered in evidence in lieu of, rather than in addition to, the oral testimony.

2. In addition to the defendant Neal, driver of the 60,000 pound tractor-trailer, there was the testimony of the driver of a following automobile, both of whom stated that as Neal approached the foot of a hill and an open curve about 400 yards from a bridge, the automobile driven by the deceased crossed the bridge and proceeded directly toward Neal in his line of traffic making collision inevitable. A State Patrolman investigating the wreck identified a gouge in the pavement on Neal's side of the road as having been caused by the automobile driven by the deceased; he also stated that 45 miles per hour was a safe speed in which to round the curve in Neal's vehicle, that he had seen equivalent vehicles take it at a higher speed and had himself driven that stretch of pavement at 90 miles per hour. Neal testified that he did not exceed the 45-mile per hour speed limit; the other witness placed the speed as between 45 and 50 miles per hour. No question arises under the evidence as to lack of visibility, emergency, or any other reason why the plaintiff's decedent drove his car into the approaching vehicle except, as stated by the investigating officer, that he failed to turn at the curve of the road. In so driving he was, of course, in the absence of ordinary care for his own safety, which would have barred him from recovery even though the driver of the approaching vehicle had been to some extent negligent in proceeding at a speed slightly greater than that applicable to vehicles of that size and weight. *Southland Butane Gas Co. v. Blackwell,* 211 Ga. 665 (88 SE2d 6). "The plaintiff's right to recover for the death of her husband is the same as his would have been to recover for injuries sustained by him had he survived the collision. That which would bar his recovery would defeat her action. *Bassett v. Callaway,* 72 Ga. App. 97 (33 SE2d 112)." *Rogers v. Johnson,* 94 Ga. App. 666, 678 (96 SE2d 285). Since the evidence demands a finding that the deceased, had he survived, would have been barred from recovery by his own negligence, it was not error to direct a verdict against his widow suing for his death.

3. The remaining enumerations of error are immaterial in

view of the fact that no other verdict could have been returned.

Judgment affimed. *Jordan, P. J., and Pannell, J., concur.*

ARGUED SEPTEMBER 10, 1968—DECIDED OCTOBER 8, 1965—
REHEARING DENIED OCTOBER 29, 1968—

*Marson G. Dunaway, Jr.,* for appellant.

*Glenn T. York, Jr., Matthews, Maddox, Walton & Smith, Oscar M. Smith, Harl C. Duffey, Jr., James A. Robbins, Jr.,* for appellees.