## 45088. BROWN v. WORLEY SHOES, INC.

WHITMAN, Judge. Plaintiff-appellant, Rosa Brown, sued the defendant for injuries allegedly sustained when she stepped from

a carpeted area of the floor in defendant's store onto a tiled area and fell. She alleged that defendant's employees had applied a slippery coating on the tile floor and that such was the cause of her fall; that the defendant breached the duty of care it owed to plaintiff as an invitee; that it was negligent in applying a substance which caused a slippery, dangerous floor surface in the store's only place of ingress and egress; and that no warning was given of the condition of the floor.

On the trial the plaintiff's evidence was that she had gone in the store in the morning to look for some shoes; that on the way in she saw two women up at the front "just sweeping and running a little electric sweeper is what I thought when I went in." With regard to the tile floor, she testified: "It didn't seem to be a bit slippery when I walked in." She stated that she remained in the store about 30 minutes and then: "I just started out and when I hit the tile my—my feet just both slipped out from under me. It was just like stepping on glass or ice. They just shot out from under me." She further testified that it was her impression or understanding from what she heard said immediately after she fell that it had just been waxed.

The defendant's evidence was that the plaintiff remained in the store about five minutes before she started to leave; that the floor was in the same condition when plaintiff started to leave as it was when she came in; that no wax or soap had been applied to the floor that morning; that the floor had been mopped off earlier with water but it was dry when the plaintiff came in.

The jury returned a verdict for the defendant. Plaintiff's motion for a new trial was denied. *Held:*

1. The contention that the "evidence demanded a finding of negligence on the part of the defendant" is without merit. The evidence was conflicting as to what transpired. The question of what did transpire and whether such constituted negligence was for the jury to determine. There was evidence to support the verdict and thus there was no error in entering a judgment for the defendant or overruling the plaintiff's motion for new trial insofar as the general grounds are concerned. *Daniels v. Hartley,* 120 Ga. App. 294 (170 SE2d 315).

2. The trial court charged, pursuant to request by the defendant, that the innocence of a person injured does not necessarily establish the negligence of the defendant, that a defendant can not be held liable unless it owed to the person injured a duty which it neglected.

This charge was not suggestive, as contended, that the defendant did not owe any duty to the plaintiff. The jury was fully charged regarding the duty owed by the owner of premises to invitees thereon.

3. The remaining enumerations of error addressed to portions of the charge are wholly without any merit.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*
ARGUED FEBRUARY 2, 1970—DECIDED JUNE 17, 1970.

*Joseph E. Cheeley,* for appellant.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Meade Burns, Fred Ajax,* for appellee.