## 27027.   WATSON et al. v. ELBERTON-ELBERT COUNTY HOSPITAL AUTHORITY.

NICHOLS, Justice. Certiorari was granted in this case to review the decision of the Court of Appeals which holds that the deposition of a witness present during a trial but later excused may not be used under the provisions of § 26 (d) of the Civil Practice Act (*Code Ann.* § 81A-126 (d)). For a statement of the history of the case and the issues involved, see *Elberton-Elbert County Hosp. Auth. v. Watson,* 121 Ga. App. 550 (174 SE2d 470) and *Watson v. Elberton-Elbert County Hosp. Auth.,* 125 Ga. App. 112 (186 SE2d 459).

1. After both sides had completed the presentation of their cases in chief, the plaintiff sought to introduce in rebuttal the deposition of a witness subpoenaed by the defendant, but not called as a witness and excused without the knowledge of the plaintiff at the conclusion of the presentation of evidence in chief. The trial court refused to permit the plaintiff to introduce such deposition because of a pre-trial ruling limiting the use of depositions to those of two named witnesses and no others. At the time the trial judge refused to permit the plaintiff to use such deposition, he stated that it was based upon his memory of what transpired at the pre-trial hearing, and that his memory could be wrong. The pre-trial hearing was reported, but had not been typed at the time of the trial. A review of this transcript discloses that the trial court did

not, in the pre-trial hearing, restrict the use of depositions to any particular depositions, but to the contrary: "I am not saying you can or can't use depositions at certain times as a discretionary thing, and the court allows them even in the person's presence. . . As I say, I am not going to restrict either side. We will just get rid of any objections as far as that is concerned. We will have no problem there. We will just go by what the law is. . ."

It is well settled that the use of depositions in a case like the one sub judice is a matter within the sound discretion of the trial court (compare *Millholland v. Neal,* 118 Ga. App. 566 (164 SE2d 451)), and the decision of the Court of Appeals holding that the use of depositions under such circumstances is not permitted by § 26 of the Civil Practice Act is error. The ruling of the trial court shows not an exercise of discretion, but a ruling based upon the law of the case when, in fact, if any law of the case had been established, it would have required the admission of such deposition.

Where a ruling of the trial court which is ordinarily one within the sound discretion of the court shows that no discretion was, in fact, exercised, and the judgment rendered is based upon an erroneous view of the law which would preclude the exercise of a discretion, a new trial results. See *Stribling v. Ga. R. &c. Co.,* 139 Ga. 676 (3) (78 SE 42); *Lowance v. Dempsey,* 99 Ga. App. 592 (2) (109 SE2d 318), and citations. Accordingly, where no discretion was exercised by the trial court, the judgment of the Court of Appeals affirming the ruling refusing to permit the plaintiff to use the deposition must be reversed.

*Judgment reversed. All the Justices concur.*
ARGUED MARCH 13, 1972—DECIDED APRIL 6, 1972—
REHEARING DENIED APRIL 20, 1972.

*Telford, Stewart & Stephens, Charles W. Stephens, Cleve Miller,* for appellants.
*Grant & Matthews, William F. Grant,* for appellee.