## 47799. GRADY v. HILL.

EVANS, Judge. Lynwood P. Grady, Jr. filed a petition to adopt his stepson. He alleged that the child's mother—who was the wife of petitioner—had executed an unconditional consent to the adoption, and that the consent of the natural father, Henry L. Hill, was not required, because of his wanton and wilful failure to comply with the terms of the final decree of divorce. Henry L. Hill filed objections to the petition to adopt. The trial court heard evidence, and denied the petition, after which plaintiff filed this appeal. *Held:*

1. The evidence was conflicting as to whether or not the natural father had wilfully and wantonly abandoned his child. The evidence was also conflicting as to whether the adoption would be for the best interest of the child. There was evidence indicating the adoption

proceedings were instituted to prevent the natural father's seeing his child, and also to prevent the child's knowing anything about his natural father. The wife had never requested support from her former husband; and had never sought to enforce the decree civilly or criminally. No support was needed, and there was slight evidence indicating the natural father had made efforts to support his child.

Where there is slight evidence to support the trial court's judgment denying the petition to adopt, it cannot be held that the discretion residing in that court was abused. *Wheeler v. Little,* 113 Ga. App. 106 (147 SE2d 352) and *Rawdin v. Conner,* 210 Ga. 508 (81 SE2d 461).

Further, where there is slight evidence indicating the best interest of the child will be served by denying the petition to adopt, the discretion residing in the trial court will not be held to have been abused. *Allen v. Morgan,* 75 Ga. App. 738 (44 SE2d 500).

2. Appellant contends the trial court erred in that it failed to make findings of fact and state separately its conclusions of law, all as required by Code Ann. § 81A-152 (§ 52, CPA; Ga. L. 1969, pp. 645, 646; 1970, pp. 170, 171). While the case of *Spivey v. Mayson,* 124 Ga. App. 775, 777 (186 SE2d 154), remanded a case in order that such findings may be made by the lower court, still, the case sub judice is an adoption case, which necessarily involves the custody of the adopted person, and under the provisions of the statute "custody of minors" inter alia is among the matters excepted from the statute requiring such findings. Also see *Butterworth v. Butterworth,* 227 Ga. 301 (2) (180 SE2d 549), and compare *Faucette v. Faucette,* 228 Ga. 201 (3) (184 SE2d 586), in which latter case it was suggested that the aggrieved party had the burden of requesting the court to make additional findings, under the provisions of Code Ann. § 81A-152 (b).

*Judgment affirmed. Hall, P. J., and Clark, J., concur.*

SUBMITTED JANUARY 8, 1973—DECIDED FEBRUARY 12, 1973.

*McCurdy, Candler & Harris, George H. Carley, John Walter Drake,* for appellant.
*Parker, Parker, Rary & Groover, J. C. Rary,* for appellee.