## 51240. NIX v. SANDERS.

CLARK, Judge.

In this adoption case the natural father appeals from the superior court judgment granting petitioner's request to adopt the father's children. The sole question presented in this court is whether the evidence supports the judgment entered below.

Louie Stanley Nix (father) and Patricia Ann Sanders (mother) were divorced in 1967 after several years of matrimony. Under the terms of the divorce decree, the mother was awarded custody of the couple's two children and the father was ordered to pay the sum of $15 per week as child support. Following this and until her marriage in October 1969 to petitioner-appellee there was a stormy and turbulent period for the separated parents and their children.

Five years after their marriage, the petitioner, Pratt Sanders, Jr., instituted this proceeding to adopt the children of his wife's previous marriage.

The mother gave her written consent to the adoption of the children. With regard to the consent of the father (appellant), the trial court determined that the father (1) abandoned the children and (2) wilfully and wantonly failed for a period of twelve months to comply with the support decree. Thus, the court concluded the father's consent was unnecessary, and the petition for adoption was granted. This appeal followed.

1. It is the law and policy of this state that no adoption shall be permitted without the written consent of the child's living parents, except under special circumstances. Code Ann. § 74-403; Stubbs, Georgia Law of Children, § 27. Two such circumstances are the abandonment of the child by the parent and the wanton and wilful failure of the parent to comply with a support order for a period of twelve months. Code Ann. § 74-403 (2). Have these circumstances been met in the instant case?

"In matters of adoption the superior court has a very broad discretion which will not be controlled by the appellate courts except in plain cases of abuse." *McCall v. VanPopering,* 124 Ga. App. 149 (1) (183 SE2d 411); *Grady*

*v. Hill,* 128 Ga. App. 153 (195 SE2d 794). Thus, if there is any evidence to support the judgment entered in an adoption proceeding, it must be affirmed by this court. *Hamrick v. Seward,* 126 Ga. App. 5 (1) (189 SE2d 882).

"As used in the Georgia Adoption Act (Ga. L. 1941, p. 301, as amended, Ga. L. 1950, pp. 289, 290; Code Ann. § 74-404) 'wantonly and wilfully' ('failed to comply with the order') means without reasonable excuse, with a conscious disregard of duty, willingly, voluntarily and intentionally." *Carpenter v. Forshee,* 103 Ga. App. 758, 773 (120 SE2d 786); *Hamrick v. Seward,* supra.

The evidence adduced below demonstrates the father failed to make a single support payment in compliance with the decree for over four years before the filing of the adoption petition—without justification. This evidence supports the trial court's finding that the father wantonly and wilfully failed to comply with the support decree for a period of twelve months. *Hamrick v. Seward,* supra.

In an effort to justify his failure to make support payments, the father testified that the children's whereabouts were kept from him by his former wife. But in light of evidence that the father knew the children lived somewhere in Laurens County and that the children's paternal grandparents saw the children on several occasions, we cannot say the court's finding of wilfulness and wantonness is baseless. See *Carpenter v. Forshee,* 103 Ga. App. 758, 772, supra.

The father also seeks to justify his failure to make support payments on the ground that he entered an agreement with the mother which relieved him from paying child support while the children were in the mother's custody. But such an agreement cannot nullify a court decree ordering child support. *Frazier v. Rainey,* 227 Ga. 350 (180 SE2d 725). And it does not demonstrate that the father acted without wilfulness and wantonness. See *Carpenter v. Forshee,* 103 Ga. App. 758, 771, supra, where the father "sought to justify his failure to make payments by testifying that the mother had told him she did not want the money as long as he would stay away. . ."

Since the evidence supports the trial court's finding that the father wilfully and wantonly failed to comply with the support decree for a period of twelve months, the

necessity for the father's consent to the adoption was obviated. Code Ann. § 74-403. Accordingly, the trial court did not err in granting the petition for adoption.

2. In view of our ruling in Division 1, we need not consider whether the evidence supports the trial court's finding that the father abandoned the children.

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*

ARGUED OCTOBER 8, 1975 — DECIDED DECEMBER 3, 1975.

*Eva L. Sloan,* for appellant.
*Maurice Byers,* for appellee.