## 52526. RICHEY v. COTHRAN.

Smith, Judge.

This case is here on appeal from the denial of a petition for adoption of the 4-year-old child of the appellee whose divorced wife and mother of the child had subsequently been married to the petitioner, appellant. The father, appellee, refused to give his consent to the adoption. The mother gave her consent. The case hinges upon whether the trial judge was authorized to find that the father did not wantonly and wilfully fail to comply with the order of the judge of the superior court, for a period of 12 months or longer, requiring the father to support the child. See Ga. L. 1950, p. 289, amending § 3, subsection 2 of Ga. L. 1941, p. 300, known as "Adoption Laws Revised" (Code Ann. § 74-403 (2)). This Act placed at the end of subsection 2 the following: "Where a decree has been entered by a Superior Court ordering the father to support the child and the father has wantonly and wilfully failed to comply with the order for a period of 12 months or longer, consent of said father shall not be required and the consent of the mother alone shall suffice." The divorce decree provided that the appellee was to pay the divorced wife and mother for the support of said child the sum of $45.00 each week until the child became 21 years of age or married or died or became completely self-supporting. The decree further provided that "[i]n addition to above payments for support of said minor child," the father was required to pay for and keep up insurance covering reasonable medical and hospitalization expenses for said child until the child married, became 21 years of age, died or became completely self-supporting, and to use said insurance for paying said bills. The decree further provided that the father was "to keep in force and pay premiums for life insurance now in existence of $20,000 - - - face value to be paid to wife, Kay in the event of his death up to said time

when the child is 21 years of age, dies, marries or becomes completely self-supporting but said policy may be reduced to Ten Thousands [sic] of dollars coverage so payable upon said child attaining age 16."

The father testified that he had made all payments of premiums for the health insurance and the life insurance; and had made all the $45 support payments until January, 1974 (more than 12 months prior to the filing of the petition for adoption) when he was informed by the mother of her impending marriage and that she did not desire further support payments for the child as her future husband was able to support the child. The mother denied this conversation but stated she told the father she would not come to his office or home to get the payments. The evidence was also in conflict as to whether visitation rights, in accordance with the divorce decree, were denied the father, and whether gifts sent to the child through the former wife's mother were refused. Evidence was also in conflict as to whether he made a bona fide effort to get in touch with the child and the mother, he contending that he could not find her, and she contending that she could very easily have been found by him if he had so desired.

The trial judge found that the father had not wantonly and wilfully failed to comply with the order of the court, directing him to support said child, for a period of 12 months or longer. The court then denied the petition for adoption and petitioner appealed to this court.

The question here is whether under the evidence the trial judge was authorized to find that the action of the appellee, father of the child, in failing to pay the child support provided for in the divorce decree for a period of more than 12 months prior to the bringing of the adoption petition was not wanton and wilful.

We must concede, that under the evidence, he had no "legal excuse" for his failure to do so, and that absence of a "legal excuse" with other factors may well authorize a finding of a wanton and wilful act (*Nix v. Sanders,* 136 Ga. App. 859 (223 SE2d 21)); yet there is nothing in the *Nix* case which compels us to the conclusion that we may, under such evidence as there is here, declare the failure wanton and wilful as a matter of law. If failure to pay child support without a "legal excuse" is equivalent to wanton

and wilful then the statute could, very easily have said so; instead it is couched in entirely different language. The words used, wanton and wilful, have been defined as "without reasonable excuse" (*Carpenter v. Forshee,* 103 Ga. App. 758, 773 (120 SE2d 786)). If the excuse be reasonable although not legal, the absence of the legal excuse does not demand a finding the failure to pay child support was wanton and wilful. While absence of legal excuse without reasonable excuse may demand such a finding if there is no evidence authorizing a finding the failure was merely inadvertent, accidental, involuntary, inattentive, inert, or a passive omission (*Carpenter v. Forshee,* 103 Ga. App. 758, supra), we have no such situation here.

The trial judge was authorized to believe the father of the child and former husband whose testimony was that his former wife told him she and her new husband (petitioner) did not want further payments of support, that they were able to support the child themselves. While this is no legal excuse for not paying the child support of $45 per week, it may *authorize* a finding that a reasonable excuse existed. Under these circumstances we cannot say the finding of the trial judge, that the failure to pay child support was not wanton and wilful, was unauthorized by the evidence. See *Grady v. Hill,* 128 Ga. App. 153, 154 (195 SE2d 794), where an examination of the record discloses that prior to the 12 months immediately preceding the filing of the petition for adoption, the mother refused to sign papers which would have provided an allotment for the child while the father was in school under what is often referred to as the G. I. bill, and the father subsequently made no payments.

*Judgment affirmed. Marshall and McMurray, JJ., concur.*

ARGUED SEPTEMBER 7, 1976 — DECIDED NOVEMBER 30, 1976.

*Alston, Miller & Gaines, W. T. Walsh, Joyce Bihary,* for appellant.
*Michael E. Lundy, Roger J. Bauer,* for appellee.