## 52949. DOWNS v. JONES.

BANKE, Judge.

The Supreme Court on certiorari remanded to this court the case reported as *Downs v. Jones,* 140 Ga. App. 752 (231 SE2d 816) (1976), for reconsideration in light of the Supreme Court's recent decision in *Clover Realty Co.*

*v. Todd,* 237 Ga. 821 (229 SE2d 649) (1976). Therefore, our previous decision is vacated and set aside.

In Division 1 of *Downs v. Jones,* supra, this court construed Civil Practice Act § 15 (a) (Code Ann. § 81A-115 (a); Ga. L. 1966, pp. 609, 627; 1968, pp. 1104, 1106; 1972, pp. 689, 694) to allow an amendment to be made adding a party as a matter of right before the entry of a pre-trial order. The Supreme Court in *Clover Realty Co. v. Todd,* supra, construed Civil Practice Act § 15 (a) in pari materia with Civil Practice Act § 21, Code Ann. § 81A-121 (Ga. L. 1966, pp. 609, 632) to require an order of the trial court before a party may be added by amendment. The plaintiff-appellant made a motion in the court below for leave to amend, which motion was denied by the trial judge.

1. The appellant's amendment stated a claim which would have been barred by the statute of limitation if filed as a separate action. However, if the trial judge were to allow the amendment, the claim stated therein would relate back to the date of the original pleadings under Code Ann. § 81-115(c) (Ga. L. 1966, pp. 609, 627; 1968, pp. 1104, 1106; 1972, pp. 689, 694) and, therefore, would not be barred by the statute of limitation. Because *Clover Realty Co. v. Todd,* supra, did not reach this issue, with which we dealt in Division 2 of *Jones v. Downs,* supra, we reaffirm that holding and would incorporate it by reference into this opinion.

2. In ruling on the appellant's motion, the trial judge appears to have based his decision not on an exercise of discretion, but on his opinion that, as a matter of law, the amendment was barred by the statute of limitation. Although the actual basis for the ruling does not appear in the order, the brief in opposition to the motion to amend argued no other theory and from an examination of the record we are unable to see any other reason why the trial judge would have denied the motion. "Where a ruling of the trial court which is ordinarily one within the sound discretion of the court shows that no discretion was, in fact, exercised, and the judgment rendered is based upon an erroneous view of the law which would preclude the exercise of a discretion, a new trial results." *Watson v. Elberton-Elbert County Hosp. Authority,* 229 Ga. 26, 27

(189 SE2d 66) (1972); see *Childs v. Catlin,* 134 Ga. App. 778, 781-782 (216 SE2d 360) (1975); *Harrington v. Frye,* 116 Ga. App. 755 (159 SE2d 84) (1967). Accordingly, the judgment of the trial judge is reversed, and the case is remanded for further action consistent with this opinion.

*Judgment reversed and remanded. Quillian, P. J., and Shulman, J., concur.*

DECIDED MAY 16, 1977.

*Watkins & Daniell, Arthur B. Seymour,* for appellant.

*Van Gerpen & Bovis, Steven J. Kyle, Robert H. Sorensen,* for appellee.