## 54516. KRISEMAN v. KENMORE.

SHULMAN, Judge.

This is an appeal from the denial of a petition for adoption. Appellant, married to the mother of the child, petitioned for adoption. The mother consented but the natural father filed objections. The issue was whether the father wantonly and wilfully failed to comply for a period of 12 months or longer with the superior court order requiring the father to support the child. See Code Ann. § 74-403 (2).

1. The first enumeration of error contends that the trial court erred in failing to render its decision based upon a finding of fact, and stating separately its finding of

fact and conclusions of law. Findings of fact and conclusions of law are required in adoption cases. *Wiles v. Brothers,* 136 Ga. App. 631 (222 SE2d 148). However, the case at bar is virtually on all fours with *Richey v. Cothran,* 140 Ga. App. 580 (231 SE2d 572), where the issues and the court order denying adoption were similar. In fact the same trial judge ruled on both cases. See page 581, *Richey,* supra. The evidence shows that the natural mother actually admitted telling appellee that he did not have to pay child support until he "got back up on his feet." Perhaps the finding of facts could have been more detailed. Such findings, however, were clearly sufficient and in accord with the evidence. In *Richey,* the court stated: "The question here is whether under the evidence the trial judge was authorized to find that the action of the appellee, father of the child, in failing to pay the child support provided for in the divorce decree for a period of more than 12 months prior to the bringing of the adoption petition was not wanton and wilful.

"We must concede, that under the evidence, he had no 'legal excuse' for his failure to do so, and that absence of a 'legal excuse' with other factors may well authorize a finding of a wanton and wilful act (*Nix v. Sanders,* 136 Ga. App. 859 (223 SE2d 21)); yet there is nothing in the *Nix* case which compels us to the conclusion that we may, under such evidence as there is here, declare the failure wanton and wilful as a matter of law. If failure to pay child support without a 'legal excuse' is equivalent to wanton and wilful then the statute could, very easily have said so; instead it is couched in entirely different language. The words used, wanton and wilful, have been defined as 'without reasonable excuse' (*Carpenter v. Forshee,* 103 Ga. App. 758, 773 (120 SE2d 786)). If the excuse be reasonable although not legal, the absence of the legal excuse does not demand a finding the failure to pay child support was wanton and wilful. While absence of legal excuse without reasonable excuse may demand such a finding if there is no evidence authorizing a finding the failure was merely inadvertent, accidental, involuntary, inattentive, inert, or a passive omission (*Carpenter v. Forshee,* 103 Ga. App. 758, supra), we have no such situation here.

"The trial judge was authorized to believe the father of the child and former husband whose testimony was that his former wife told him she and her new husband (petitioner) did not want further payments of support, that they were able to support the child themselves. While this is no legal excuse for not paying the child support of $45 per week, it may *authorize* a finding that a reasonable excuse existed. Under these circumstances we cannot say the finding of the trial judge, that the failure to pay child support was not wanton and wilful, was unauthorized by the evidence." *Richey v. Cothran,* supra, pp. 581-582.

2. Appellant argues further that the court erred in basing its decision on the sole issue of "wanton and wilful failure to pay child support." Appellant in his own statement of facts in his brief sets forth that contention as the issue before the court. While there was a desultory attempt to allude in the testimony to other factors showing abandonment by the father, such evidence was vague and obviously not relied upon strongly by the parties or the court. It is clear to this court that under the pleadings and evidence this case is predicated upon the theory of abandonment by failure to pay child support.

In adoption cases the rights of natural parents should be scrupulously guarded and they should not be deprived of their parental rights unless evidence is clear that the best interests of the child would be served by other provisions. "While it may be true that in some respects the statute as to adoption may be liberally construed, yet, as applied to severance forever of the parental relation, it must be construed strictly against the applicant and favorably to the parent. [Cits.]" *Wheeler v. Little,* 113 Ga. App. 106, 109 (147 SE2d 352).

3. The judgment of the trial court conformed to the evidence and therefore must be affirmed.

*Judgment affirmed. Quillian, P. J., and Banke, J., concur.*

SUBMITTED SEPTEMBER 16, 1977 — DECIDED
OCTOBER 12, 1977.

*Oliver & Oliver, Joseph A. Griggs, Robert F. Oliver,*

for appellant.
*Alan B. Blaisdell,* for appellee.