## 55866. BREWER v. BROWN.

QUILLIAN, Presiding Judge.

On appeal we consider a final order of adoption. The principal issue is whether the consent of the adopted children's father was necessary or whether he had wantonly and wilfully failed to comply with an order for support for a period of 12 months or longer. See Code Ann. § 74-403 (2) (Ga. L. 1941, pp. 300, 301; 1950, pp. 289, 290; 1957, p. 367; 1960, pp. 791, 792; 1967, pp. 107, 108). The instant petition for adoption was filed prior to the effective date of Ga. L. 1977, p. 201 et seq. *Held:*

"In matters of adoption the superior court has a very broad discretion which will not be controlled by the appellate courts except in plain cases of abuse." *McCall v. VanPopering,* 124 Ga. App. 149 (1) (183 SE2d 441). Here there was evidence showing a failure to pay child support for a period of more than 12 months immediately preceding the commencement of those proceedings. See *Sale v. Leachman,* 218 Ga. 834, 837 (131 SE2d 185). The period involved was from 1976 to September 1977 when the petition was filed. The father introduced evidence that he had lost money in 1976. He testified "there were times that I couldn't provide anything, but there's been a lot of times that I could, but I could not provide the total of $300." The evidence did not establish that within the period of 1976 encompassed in the statutory 12 months time that the father had a reasonable excuse (see *Carpenter v. Forshee,* 103 Ga. App. 758 (3) (120 SE2d 786)), for his noncompliance with the support decree. In 1977 the father conceded his business was making money but stated he did not pay because in December of 1976 he was told he could not see the children until he paid the full amount of the arrearage in support. On cross examination, the father stated that at a conference with petitioner he was told that he owed $6,000 in back payments but the father admitted that no one demanded that it be paid at one time.

The absence of a "legal excuse" for failure to pay, while it will not demand a finding (see *Richey v. Cothran,* 140 Ga. App. 580, 581 (231 SE2d 572)), will authorize a finding of a wanton and wilful act. *Nix v. Sanders,* 136 Ga.

App. 859 (223 SE2d 21).

The evidence, although conflicting, was sufficient to authorize the judgment.

*Judgment affirmed. Webb and McMurray, JJ., concur.*

SUBMITTED JUNE 7, 1978 — DECIDED JUNE 29, 1978.

*Pierce & House, Stanley C. House,* for appellant.
*Harris, McCracken, Pickett & Jackson, Roy V. Harris,* for appellee.