## 55687. HIX et al. v. PATTON.

QUILLIAN, Presiding Judge.

This appeal was from a judgment denying a petition for adoption of a minor child. The principal issue was whether the natural father by failing to make child support payments had abandoned the child so that the father's consent to the adoption was not necessary.

The trial judge made the following findings of fact: "The petition for adoption was filed in the Superior Court of Jackson County on June 14, 1977. Defensive pleadings with objections to the adoption were filed on September 22, 1977. Neta Payne Hix formerly Neta Payne Patton and Billy Glenn Patton, the objector, were formerly husband and wife and were divorced in November 1971.

"The minor child, Jennifer Deane Patton was born to them during their marriage. Neta Payne Hix obtained custody of the said child in the divorce proceedings. Billy Glenn Patton was ordered to pay as child support for the said child the sum of $25.00 per week.

"Child support was paid as ordered from the date of the divorce until November 1974 when petitioners David Dorsey Hix and Neta Payne Hix were married. During the year 1975 a total of $800.00 in child support was paid and this amount was paid for the child involved in this adoption petition and one other child of the parties. The total amount due as child support for both children as ordered by the court was $50 per week. During the year 1976 the sum of $150.00 was paid as child support and that amount was paid prior to June 1, 1976.

"No child support was paid between June 1, 1976 and June 1, 1977. Neta Payne Hix testified that through objector's present wife she notified the objector on about June 1, 1976 to discontinue child support payments. Neta Payne Hix does not deny that at the time of her marriage in November 1974 she advised the objector that no further

child support payments were to be made.

"The objector, natural father of the child, did not execute a voluntary consent for this adoption."

The appellants enumerate as error the trial judge's conclusion of law: "Where the father's failure to pay child support pursuant to the terms of a child support order is coupled with instructions from the mother who has custody of the child to cease such payments, the court is without power or authority to find that the father's refusal to pay child support was wilful, wanton and unjustified and grant an adoption where the petition for adoption was brought without having obtained the father's consent."

In several cases this court has dealt with situations in which a father has failed to make child support payments after the mother has told the father he need not make further payments or the mother and father agreed that the continuance of payments was not required. See *Nix v. Sanders,* 136 Ga. App. 859 (223 SE2d 21); *Richey v. Cothran,* 140 Ga. App. 580 (231 SE2d 572); *Kriseman v. Kenmore,* 143 Ga. App. 490 (238 SE2d 585); *McCann v. Duggan,* 144 Ga. App. 547 (241 SE2d 647). Under such circumstances the father had no legal excuse not to pay. The mere absence of a legal excuse would not demand a finding that he was "without reasonable excuse" (his act was wanton and wilful) so as to warrant this court to overturn a judgment of the trial court acting within the judge's discretion. *Richey v. Cothran,* 140 Ga. App. 580, 582, supra. However, it would be sufficient to authorize a finding "that the father wantonly and wilfully failed to comply with the support decree for a period of twelve months." *Nix v. Sanders,* 136 Ga. App. 859, 860, supra.

Simply stated, under the facts here a finding either way was not demanded. The matter is properly within the discretion of the trial judge, as the fact finder.

The language used and enumerated as error shows that the judge erroneously believed that he had no discretion but was compelled to find as he did. As held in *Watson v. Elberton-Elbert County Hospital Authority,* 229 Ga. 26, 27 (189 SE2d 66): "Where a ruling of the trial court which is ordinarily one within the sound discretion of the court shows that no discretion was, in fact, exercised, and the judgment rendered is based upon an erroneous view of

the law which would preclude the exercise of a discretion, a new trial results." Accord, *Downs v. Jones,* 142 Ga. App. 316 (2) (235 SE2d 760).

Accordingly, the judgment must be reversed for the trial judge's failure to exercise the discretion reposed in him, and the case is remanded for further action consistent with this opinion.

*Judgment reversed and remanded. Bell, C. J., McMurray, Smith, Shulman, Banke and Birdsong, JJ., concur. Deen, P. J., and Webb, J., dissent.*

SUBMITTED APRIL 6, 1978 — DECIDED JULY 14, 1978 — REHEARING DENIED JULY 31, 1978 — 

*L. Eddie Benton, Jr.,* for appellants.

*Davis, Davidson & Hopkins, Jack S. Davidson,* for appellee.

WEBB, Judge, dissenting.

"As used in the Georgia Adoption Act (Ga. L. 1941, p. 301, as amended, Ga. L. 1950, pp. 289, 290; Code Ann. § 74-404), 'wantonly and wilfully' ('failed to comply with the order') means without reasonable excuse, with a conscious disregard of duty, willingly, voluntarily and intentionally." *Carpenter v. Forshee,* 103 Ga. App. 758, 773 (3) (120 SE2d 786) (1961); *Nix v. Sanders,* 136 Ga. App. 859, 860 (1) (223 SE2d 21) (1975). "If the excuse be reasonable although not legal, the absence of the legal excuse does not demand a finding the failure to pay child support was wanton and wilful. [But] absence of legal excuse without reasonable excuse may demand such a finding if there is no evidence authorizing a finding the failure was merely inadvertent, accidental, involuntary, inattentive, inert, or a passive omission. . ." *Richey v. Cothran,* 140 Ga. App. 580, 582 (231 SE2d 572) (1976).

I do not agree with the majority that under the facts here a finding either way was not demanded, or that the trial judge erroneously believed he had no discretion and was compelled to find as he did. In my view the judge intended to hold that the evidence demanded a finding that the failure to pay child support was not wanton and

wilful, and that any other finding was unauthorized by the evidence. Under such construction the order was not so clearly erroneous as to require reversal. See *McCann v. Duggan,* 144 Ga. App. 547, 548 (2) (241 SE2d 647) (1978); *Kriseman v. Kenmore,* 143 Ga. App. 490, 492 (1) (238 SE2d 585) (1977). Thus, even if the language of the order was apocryphal, it could not in any event be harmful to the parties, and "[o]nly error in conjunction with harm constitutes reversible error." *Carpenter v. Forshee,* 103 Ga. App. 758, 770 (2), supra and cits. Accordingly, I would affirm the denial of the petition.

I am authorized to state that Presiding Judge Deen joins in this dissent.