## 57909. WARD v. WEYMOUTH.

SHULMAN, Judge.

Appellee filed a petition to adopt the children of his wife's former marriage (his wife consenting), to which appellant, the natural father of the children, objected. The court granted appellee's request for adoption notwithstanding appellant's refusal to consent. The court deemed appellant's consent unnecessary in view of its finding that appellant had wilfully and wantonly failed to comply with a court order for child support for a period of 12 months prior to the time of the filing of the petition for adoption.

Appellant appeals the termination of his parental rights, as well as the court's judgment granting appellee's petition for adoption. Since we are compelled to affirm the severance of appellant's parental rights for the reasons set forth below, we need not address appellant's other objections to the grant of appellee's petition for adoption.

The undisputed evidence showed that appellant was required by court order to pay child support in the amount of $120 a month, and that he had not made any support payments for a period of more than 12 months prior to the filing of the petition for adoption. The court found as a fact

that appellant had neither a legal nor a reasonable excuse for not contributing to the support of his children. Thus, the court concluded that since appellant could have and was capable of furnishing some financial support, his failure to provide support was wilful and wanton. In accordance therewith, the court determined that appellant's noncompliance with the court-ordered support decree constituted sufficient grounds for the termination of his parental rights.

Appellant cites *Glendinning v. McComas,* 188 Ga. 345 (3 SE2d 562), affg. 59 Ga. App. 234 (200 SE 304), to support his contention that mere failure to pay child support does not in and of itself evince such "*abandonment*" of a child as to render the natural parent's consent to an adoption unnecessary. This is true. However, abandonment is a separate issue from failure to pay child support (see *Hamrick v. Seward,* 126 Ga. App. 5 (2) (189 SE2d 882)), which (though admittedly a type of abandonment) constitutes a separate ground for terminating parental rights under the law applicable at the time of the adoption hearing. See Code Ann. § 74-403 (2). The statute may be harsh but we are bound by its provisions, and, sympathetic though we may be to the natural father's distress, the law is clear.

Since the evidence authorized the court's determination that appellant wilfully and wantonly failed to comply with the child support order, we refuse to hold that the court abused its discretion in severing appellant's parental rights. The judgment of the trial court conformed to the evidence and therefore must be affirmed. See *Beatty v. Wilkerson,* 147 Ga. App. 8 (5) (248 SE2d 24); *Lanning v. Fiveash,* 147 Ga. App. 290 (248 SE2d 553); *Kriseman v. Kenmore,* 143 Ga. App. 490 (238 SE2d 585); *Brewer v. Brown,* 146 Ga. App. 467 (246 SE2d 474).

*Judgment affirmed. Deen, C. J., and Carley, J., concur.*

SUBMITTED MAY 8, 1979 — DECIDED
SEPTEMBER 14, 1979.

*Charles E. Walker,* for appellant.

*Ben F. Smith,* for appellee.