## 59457. GARRISON v. RICH'S et al.

SOGNIER, Judge.

Appellant, Rose R. Garrison, slipped and fell upon entering the South Cobb Rich's store as the first customer of the day on October 17, 1971; she suffered injuries to her tailbone and lower back as a result of the fall and within the week after her fall she was treated by a physician for the injuries to her tailbone. The acute pain in that area was relieved and did not return. Approximately one month later, appellant again fell on her back while moving a box at work. After the second fall, she suffered pain in her lower back different than the pain she had felt in her tailbone and subsequently underwent surgery on her back. She continued to suffer lower back pain from the time of the surgery until the time of trial with no apparent relief indicated for the future.

In August, 1973 appellant filed her claim alleging negligence against Rich's in Cobb County. She voluntarily dismissed that action and refiled in Fulton County, joining Bonded Building Cleaners as a defendant, the latter being responsible for cleaning the floors at the South Cobb Rich's store pursuant to a contract with Rich's. The trial court directed a verdict in favor of Bonded Building Cleaners and the jury returned a verdict in favor of Rich's. Garrison appealed, and we affirm.

1. Following appellant's second fall, she submitted doctor and hospital bills to her employer for payment and filed a claim for workers' compensation. Evidence of such payment was admitted, over objection by appellant, for the purpose of impeachment and to show causation of appellant's injuries. Appellant contends that

admission of this evidence was violative of the collateral source rule, which provides that a tortfeasor cannot diminish the amount of his liability by attempting to introduce payments made to the plaintiff by a third party. *Thompson v. Milam,* 115 Ga. App. 396, 397 (154 SE2d 721) (1967); *Partridge v. Lee,* 116 Ga. App. 800, 802 (159 SE2d 113) (1967). However, the collateral source rule does not apply here because the evidence introduced arose in connection with a different incident. *Gordon v. Gordon,* 133 Ga. App. 520, 522 (211 SE2d 374) (1974). This was material evidence properly admitted to be considered by the jury with regard to causation. *Barnes v. Cornett,* 134 Ga. App. 120, 122 (213 SE2d 703) (1975).

2. After deliberating for some time, the jury requested in writing that the court list the various areas of negligence for both the defendant and plaintiff. The trial court refused to do so. This was not error, since the trial court charged the jury extensively on the law of negligence, and the jury did not request a recharge on the law but an answer to a question regarding the facts of the case. *Veal v. Barber,* 197 Ga. 555, 565 (30 SE2d 252) (1944).

3. Appellant also cites as error the trial court's refusal to allow appellant's counsel to state his view of the law in closing argument before the jury. In civil cases, questions of law are to be argued exclusively to the court. Code Ann. § 24-3319 (Superior Court Rule 19); *Metropolitan Publishers Rep., Inc. v. Arnsdorff,* 153 Ga. App. 877 (1980). Counsel, in closing argument, is not permitted to read law from the Code or from appellate court decisions. *Harris v. Collins,* 149 Ga. App. 638, 639 (255 SE2d 107) (1979); *Central of Ga. R. Co. v. Sellers,* 129 Ga. App. 811, 815 (201 SE2d 485) (1973). This does not mean, however, that counsel is not permitted to refer to applicable law in arguing his facts to the jury. It is counsel's right to state his legal position to the jury; this right is indispensable to an intelligent presentation of his case. *Ransone v. Christian,* 56 Ga. 351, 352 (1876); see Shulman & Shulman, *Ga. Practice and Procedure,* 4th Ed., § 14-5. However, in the instant case, counsel for appellant misstated the law to the jury by attempting to instruct the jury as to defendant Rich's burden of proof. The trial court rebuked counsel and informed the jury that the court would instruct them as to the law. This was not error. *O'Neill Mfg. Co. v. Pruitt,* 110 Ga. 577, 578 (36 SE 59) (1900); *Hudson v. State,* 153 Ga. 695, 702 (113 SE2d 519) (1922); *Strickland v. State,* 209 Ga. 675 (75 SE2d 6) (1953).

4. Appellant contends that the trial court erred in directing a verdict in favor of Bonded Building Cleaners and in instructing the jury to disregard the directed verdict. Appellant testified that she saw nothing on the floor before she fell or right after she fell. Appellant failed to show that Bonded Building Cleaners had in any

way negligently allowed the condition of the floor to become dangerous, or breached any duty owed appellant. Thus, the directed verdict was not error. *Gordon v. Athens Convalescent Center,* 146 Ga. App. 134 (245 SE2d 484) (1978). In view of this holding, we find no error in the trial court's instruction to the jury that the fact that the court had directed a verdict in favor of one of the two original defendants in no way implied that the appellant was not entitled to a verdict against Rich's.

5. Appellant's doctor testified in person on the first day of the trial. Subsequently appellant attempted to introduce the doctor's testimony by deposition regarding x-rays of appellant. The trial court refused to admit this evidence and refused to permit appellant's counsel to explain markings on the x-rays to the jury. It is within the trial court's discretion to permit use of a deposition where the witness is available to testify. Code Ann. § 81A-132 (a) (4). We find no abuse of discretion in this case as the witness was available, testified in person and appellant stated to the court that the witness could be excused at the end of his testimony. *Millholland v. Neal,* 118 Ga. App. 566, 567 (164 SE2d 451) (1968). Appellant is not permitted to argue facts to the jury, including an explanation of markings on the x-ray, which have not been introduced into evidence. *Western & A. R. Co. v. Cox,* 115 Ga. 715, 719 (42 SE 74) (1902).

6. Appellant contends that the trial court erred in charging the jury on accident, on temporary injury to appellant, and on substances placed on Rich's floor by others. An "accident" in its strict sense implies the absence of negligence. The charge was authorized by the evidence where appellant's fall could have occurred without fault on the part of anyone. *Delk v. Sellers,* 149 Ga. App. 439, 441 (254 SE2d 446) (1979); *Gordon v. Gordon,* supra at 525. In charging the jury on the question of damages, the trial court instructed on both temporary and permanent injury to appellant. Since the jury returned a verdict in favor of the defendant as to liability any error in the instruction as to damages was harmless. *Tittle v. McCombs,* 129 Ga. App. 148 (199 SE2d 363) (1973). With regard to substances on the floor, the court charged that ". . . the law of this State is that where a customer slips on a substance placed on the floor by others than the owner, it is necessary to prove that the defendant had knowledge or that under the circumstances he was chargeable with constructive knowledge of its existence." Such a charge is a correct statement of the law and was adjusted to the evidence introduced by appellant. *Etheridge Motors v. Haynie,* 103 Ga. App. 676, 681 (120 SE2d 317) (1961); *Watson v. McCrory Stores,* 97 Ga. App. 516, 519 (103 SE2d 648) (1958).

7. Finally, appellant contends that the verdict is contrary to the

law and is strongly against the weight of the evidence. After close review of the record, we find no merit in this contention. There was evidence to support the verdict and no error was committed in entering a judgment for the defendant or overruling the plaintiff's motion for new trial insofar as the general grounds are concerned. *Brown v. Worley Shoes,* 122 Ga. App. 59, 60 (176 SE2d 229) (1970).

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

ARGUED FEBRUARY 7, 1980 — DECIDED MAY 19, 1980 —

*William R. Parker,* for appellant.

*Eileen Crowley, William S. Goodman, Edward L. Savell,* for appellees.