## 62863. SMITH v. SMITH.

SHULMAN, Presiding Judge.

Appellant's ex-wife secured a judgment against him for unpaid child support. Based on that judgment, she commenced a garnishment action in municipal court. In addition to traversing the garnishment, appellant filed a complaint in equity in superior court seeking to set aside the child support judgment. His appeal from the superior court's dismissal of his complaint is still pending.

In the garnishment action, appellant sought a stay and a release of the garnishment under the provisions of Code Ann. § 46-403 (b), which reads in pertinent part as follows: "[W]here the court finds that the defendant has attacked the validity of the judgment upon which the garnishment is based in an appropriate forum, the judge may order the garnishment released and stayed until the validity of such judgment has been determined in such forum." The trial judge determined that the validity of the underlying judgment had been determined "in such forum" because the superior court in which appellant had attacked the judgment had dismissed his complaint in equity. Therefore, the trial court reasoned, it no longer had any discretion to exercise in the matter. We must disagree.

We do not believe the legislature intended to restrict the quoted provision's application to the trial courts. While the attack on the underlying judgment is still pending in "an appropriate forum," the validity of it has not been finally determined. It follows, then, that so long as an attack on the underlying judgment is pending in a trial court or in an appellate court, the court in which the garnishment is pending has within its discretion the power to "order the garnishment released and stayed until the validity of such judgment has been determined . . ."

The record indicates that appellant made an unopposed showing that the superior court's dismissal of his complaint in equity had been appealed. The trial court's order denying appellant's motion for a stay recognized the pendency of the appeal but made it clear that the court felt it had no discretion in the matter. "The language used and enumerated as error shows that the judge erroneously believed that he had no discretion but was compelled to find as he did. As held in *Watson v. Elberton-Elbert County Hospital Authority,* 229 Ga. 26, 27 (189 SE2d 66): 'Where a ruling of the trial court which is ordinarily one within the sound discretion of the court shows that no discretion was, in fact, exercised, and the judgment rendered is based upon an erroneous view of the law which would preclude the exercise of a discretion, a new trial results.' " *Hix v. Patton,* 147 Ga. App. 14, 15 (248 SE2d 28).

Since the trial court's judgment must be reversed for failure to exercise its discretion, we need not consider the other enumerations of error raised by appellant. The trial court is directed to reconsider appellant's motion and enter a new order thereon, following which the losing party may appeal.

*Judgment reversed with direction. Birdsong and Sognier, JJ., concur.*

DECIDED JANUARY 21, 1982.

*Penny J. Haas, John W. Hendrix,* for appellant.
*Thomas C. Bordeaux, Jr.,* for appellee.