## 77439. HALKIRK COMPANIES CORPORATION v. DIRT BUSTERS, INC.

(379 SE2d 173)

BEASLEY, Judge.

We granted the application of Halkirk Companies Corporation to appeal in this garnishment action.

Halkirk was sued in Cobb County State Court as a result of a debt owed to Dirt Busters on an open account. That suit went into default and judgment was entered on April 23, 1987. On May 1, Dirt Busters filed its garnishment action in Fulton State Court against First Georgia Bank, the holder of Halkirk's business accounts. On May 27, Halkirk filed in the Cobb case its Motion To Set Aside Judgment, For New Trial, and To Open Default. That same day, it filed in Fulton both a traverse to the garnishment and its Motion For Release and Stay of Garnishment, "pending resolution of its [Cobb] motion . . ." Part of the basis for its Motion To Set Aside Judgment was Halkirk's contention that the judgment was based on fraud because, in the six-month period between the default and the entry of judgment, it had voluntarily paid Dirt Busters $2,064 toward its indebtedness for which it was not given credit in the judgment.

On June 16, the Fulton court entered its order releasing First Georgia Bank as garnishee, upon payment into the registry of the court by Halkirk the underlying judgment sum. That order further provided that it was entered to protect both Halkirk and Dirt Busters, "each of whom claim entitlement to these funds, until such time as the State Court of Cobb County enters an Order as to defendant's motions to vacate and set aside the underlying Judgments." On September 1, the Cobb court denied these motions. On October 12, upon being presented by Dirt Busters with a copy of the Cobb order, the Fulton court entered its order reciting receipt of the Cobb order and finding "no just cause to withhold from plaintiff" the funds paid into court. The Fulton clerk was directed to and did release to plaintiff $7,672.08, representing the full judgment plus interest.

When Halkirk was notified of this ex parte action after entry of the order, it filed a motion to reconsider. The court conducted a hearing and entered two separate orders, one signed on November 25 and one signed on December 22.

Both orders were filed December 23 and were based on the court's conclusion that the Cobb order dealt with the identical issues of payments for which defendant claimed credit and that the Cobb findings were res judicata as to that issue. The orders denied the motion to reconsider and the traverse. Halkirk's notice of appeal is from the "judgment entered on the 23rd day of December, 1987."

1. OCGA § 18-4-65 (a) provides that the defendant in garnishment may, by traverse of the plaintiff's affidavit, "challenge the exis-

tence of the judgment or the amount claimed due thereon." Subsection (b), however, further provides that "[t]he validity of the judgment upon which a garnishment is based may only be challenged in accordance with Chapter 11 of Title 9 [including a motion to set aside a judgment pursuant to OCGA § 9-11-60 (b)]; and no such challenge shall be entertained in the garnishment case. However, where the court finds that the defendant has attacked the validity of the judgment upon which the garnishment is based in an appropriate forum, the judge may order the garnishment released and stayed until the validity of the judgment has been determined in such forum."

This is precisely the relief which Halkirk sought and was afforded. The order unappealed by Halkirk specifically released the garnishee from the action and released Halkirk's bank accounts, required Halkirk to deposit its own funds into court and provided that the only contingency to the release of the funds was the resolution by the Cobb court of the motion to set aside.

While Dirt Busters' counsel should have notified Halkirk of the presentation of the Cobb order to the Fulton court, it is unclear what if any harm Halkirk suffered from it, there being nothing left to resolve. Upon the deposit of funds from the debtor into the court, OCGA § 18-4-6 (2), or an order directing the garnishment to be released, OCGA § 18-4-6 (4), the garnishment is released. Both occurred and the judge's order left nothing to resolve as to the merits of the underlying action.

If this was not the result desired by Halkirk, it should have exercised its right to appeal that order. The order is res judicata in resolving the garnishment proceeding as to Halkirk and Dirt Busters. OCGA §§ 9-12-40; 9-12-42. The denial of the "motion for reconsideration" filed after the entry of the final order was not error.

2. The trial court's ruling that the Cobb order was binding as to the validity of the underlying judgment was also correct. That forum was the only one in which Halkirk could challenge the Cobb judgment. OCGA § 18-4-65 (b); *Bautz v. Best*, 170 Ga. App. 219, 221 (3) (316 SE2d 589) (1984). Having filed no appeal from that court's denial of the motion to set aside, the ruling that there was no fraud in obtaining the judgment is binding. OCGA §§ 9-12-40; 9-12-42; *Winters v. Pund*, 179 Ga. App. 349, 352 (346 SE2d 124) (1986); see *Norris v. Atlanta & West Point R. Co.*, 254 Ga. 684 (333 SE2d 835) (1985); *Smith v. Smith*, 161 Ga. App. 20 (289 SE2d 5) (1982).

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 8, 1989 —
REHEARING DENIED FEBRUARY 27, 1989 —

*Brock & Clay, T. Tucker Hobgood, Clifton S. Cochran*, for appel-

lant.

*Jay W. Bouldin*, for appellee.