*W. W. Visanska,* for defendant.

---

## PORTMAN *v.* MOBLEY.

1. Under the evidence in the case, the court was authorized to find that a judgment allowing the adoption, by one of the parties, of the minor child whose custody was in question in the habeas corpus proceedings was obtained by fraud, and rendered by a court without jurisdiction; and it was consequently void and subject to collateral attack.

2. The evidence authorized the order awarding the custody of the child to the defendant in the habeas corpus proceeding.

No. 4133.    MAY 6, 1924.    REHEARING DENIED JUNE 20, 1924.

Habeas corpus. Before Judge Duke Davis. City court of La-Grange. November 3, 1923.

*W. A. James,* for plaintiff.    *L. B. Wyatt,* for defendant.

BECK, P. J. J. A. Portman filed his petition for habeas corpus against W. R. Mobley, seeking the custody and control of Lois E. Mobley, a child eleven years old, alleging that Mobley was illegally detaining the child from the custody of the plaintiff. The defendant filed his plea and answer denying that his detention of the child was illegal. The case on this issue was tried before the

judge, who, after hearing the evidence, awarded the custody of the child to the defendant. The plaintiff excepted to this judgment. The evidence in the record shows that the plaintiff is the grandfather of the child on her mother's side, and that the defendant is the grandfather on her father's side. Her mother (who was also the mother of Nellie Virginia Mobley and Jesse Calvin Mobley, the sister and brother of this child) died before their father died. The father moved to LaGrange, Georgia, about one year before he died, and the two children last named were living there with him at the time of his death. He died about one year before the hearing. For two years prior to the hearing Lois E. Mobley had lived in LaGrange with her paternal grandfather, W. R. Mobley, the defendant, and she had not been at the home of the plaintiff during all of this time except on one occasion for a few days visit. It was agreed between J. A. Portman and W. R. Mobley that all three of the children should spend the summer vacation in Atlanta with the plaintiff. In the summer of 1923, after school closed, two of the children went to Atlanta to spend the summer; but Lois Mobley did not go, for the reason that she was sick. The plaintiff procured an order of adoption in Fulton superior court on September 5, 1923, adopting Nellie Virginia Mobley and Jesse Calvin Mobley, who were then at his home spending the summer vacation, and also adopting Lois E. Mobley, who was in LaGrange and was not in Fulton County and not a resident of that county. There was evidence that W. R. Mobley was capable and competent to care for his granddaughter, and was a fit person for the trust; and that the child herself preferred to live with her grandfather and grandmother, Mr. and Mrs. W. R. Mobley. The judge, after hearing the evidence, awarded the custody of the child to the defendant, and the plaintiff excepted.

The petitioner in the case relies largely, for a reversal of the judgment of the court below, upon the fact that upon a petition filed by him in the superior court of Fulton County that court had passed an order, in accordance with the statute in such cases made and provided, adjudging Lois Mobley, together with her sister and brother, to be the adopted children of J. A. Portman, the plaintiff; and the order allowing the adoption was introduced in evidence. The court hearing the case allowed the defendant to introduce evidence tending to show that this judgment of adop-

tion was obtained by fraud; and to support this contention he relied upon the fact that the evidence showed that Lois Mobley at the time of the filing of the petition for adoption and the rendering of the order, was domiciled in Troup County, Georgia. The evidence upon the subject of domicile shows that when the mother of Lois died her husband, the father of the child in question, went to LaGrange to live, and died about a year afterwards at LaGrange; that he was living at LaGrange at the time of his death, and the children were with him; that this child, Lois, continued to live with her paternal grandfather; that the father gave her to his father, the defendant, after the death of the child's mother. The evidence of W. R. Mobley, the defendant, is in part: "Lois Mobley lived at my home in Troup County, and has lived there more than two years. My son gave her to me before he died, in consideration of my promise to support and educate her. She had not even been in Fulton County for more than eighteen months prior to the time Portman filed his petition for adoption. . . He obtained the adoption papers without my knowing it, pretending all the time that the children he had would return in time to enter school." J. R. Mobley, brother of Lois's father, testified: "My brother told me before he died that he wanted his father, W. R. Mobley, to take and rear Lois." There is evidence from other witnesses to the same effect in the record. We think, under this testimony showing that Lois remained with her grandfather, W. R. Mobley, for two years or more, and that she was living with him at the time of the order of adoption granted in Fulton County, that LaGrange, Troup County, is to be considered as her domicile. Civil Code, § 2184; *Darden* v. *Wyatt*, 15 *Ga.* 414. If that was her domicile at the time of the filing of the petition for adoption and the granting of the order thereon, the superior court of Fulton County was without jurisdiction to grant the order allowing the adoption. Section 3016 of the Civil Code reads as follows: "Any person desirous of adopting a child, so as to render it capable of inheriting his estate, may present a petition to the superior court of the county in which said child may be domiciled, setting forth the name of the father, or, if he be dead or has abandoned his family, the mother, and the consent of such father or mother to the act of adoption; if the child has neither father nor mother, the consent of no person shall be necessary to said adoption. The court, upon

being satisfied with the truth of the facts stated in the petition, and of the fact that such father or mother has notice of such application (which notice may be by publication, as required in equity cases for non-resident defendants), or if the father or mother has abandoned the child, and being further satisfied that such adoption would be to the interest of the child, shall declare said child to be the adopted child of such person and capable of inheriting his estate, and also what shall be the name of such child; thenceforward the relation between such person and the adopted child shall be, as to their legal rights and liabilities, the relation of parent and child, except that the adopted father shall never inherit from the child. To all other persons the adopted child shall stand as if no such act of adoption had been taken."

Under this section, one desirous of adopting a child shall file his petition to the superior court of the county "in which such child may be domiciled." And the petition for adoption did recite, in the language of the statute, that Lois Mobley and her brother and sister were domiciled in Fulton County; and the plaintiff in this case testified: "I did not tell the judge at the time the child was adopted that she was not in Fulton County and that she was then living in LaGrange, Troup County. On the contrary, I told him and swore that the child lived in Fulton County." Under these facts the court was authorized to find that the judgment in the case was obtained by fraud on the court allowing the adoption, and that the plaintiff obtained the judgment by fraudulent representations as to the domicile of Lois, one of the children adopted. We think the judgment was impeachable for fraud, even in a collateral attack. In the case of *Towns* v. *Springer*, 9 *Ga.* 130, it was said: "The assailability of a judgment of a court of competent jurisdiction for irregularity is one thing—of a judgment of a court not having jurisdiction, for the want of jurisdiction, is a very different thing. In the latter case the judgment may be impeached whenever and wherever it is sought to be used as a valid judgment, no matter in what way it is proposed to be used." And in section 5964 of the Civil Code it is declared: "The judgment of a court having no jurisdiction of the person and subject-matter, or void for any other cause, is a mere nullity, and may be so held in any court when it becomes material to the interest of the parties to consider it." In the case of *Williams* v. *Lancaster*, 113 *Ga.* 1020 (39 S. E. 471),

it was said: "A collateral attack upon a judgment may be made in any court upon the ground of fraud. Civil Code, §§ 5370, 4032; *McArthur* v. *Matthewson*, 67 *Ga.* 134." This case is distinguishable from the case of *Jossey* v. *Brown*, 119 *Ga.* 758 (47 S. E. 350). In the case cited it does not appear that the attack on the judgment was on the ground of fraud; and moreover in that case it appears that the court had jurisdiction of the subject-matter of the proceedings which resulted in the judgment sought to be attacked collaterally. It seems, under the evidence in the record, that the court hearing this case was authorized to find that the judgment was void both on the ground of fraud and the lack of jurisdiction in the court.

Under the evidence in the case the court was authorized to find that the best interests of the child would be subserved by awarding her to the custody of the paternal grandfather, the defendant in the case.      *Judgment affirmed. All the Justices concur.*

RUSSELL, C. J., concurring specially. I concur in the result reached by the majority, but not altogether upon the grounds stated in the opinion. It is undisputed that the child in question was in Troup County at the time that the judgment of adoption was rendered in Fulton County. It may be assumed that Troup County was the county of the child's domicile, for the evidence is undisputed that the father and only living parent of the child had given control of her to his father who lived in Troup County. Under this evidence no proceeding to adopt Lois Mobley could have been had anywhere other than in Troup County. The agreement between the two grandfathers, neither of whom had any right to make any such agreement, was entirely nugatory. Even conceding the adoption of the child to be a quasi proceeding in rem, the fact that the child, considered as the res, was in Troup County at the time the judgment of adoption was rendered in Fulton County would render the entire proceeding nugatory and the judgment void; for it is the situs of the res which determines the jurisdiction in proceedings in rem. Hence in either view of the case the judgment rendered was void so as to bring it under the rule of the Code, whereby it could be attacked anywhere at any time by any one whose interest was adverse thereto.