CHASE *et al. v.* BARTLETT, guardian, *et al.*

RUSSELL, C. J.    1. The general principle that the court first taking jurisdiction will retain it (Civil Code, § 4540) has no application under the facts of this case.

2. Under the general, inherent powers of a court of equity, the judge of

the superior court, presiding as chancellor, is specially vested with the authority and power to superintend and care for both the person and property of a minor. Where a petition is filed relative to an infant's estate or person, which seeks relief against several persons, one of whom is a resident of the county where the petition is filed, the superior court acquires jurisdiction, and the infant immediately becomes a ward in chancery.

3. Where, upon a petition for interlocutory injunction to restrain pending applications for administration pending in Fulton County, it appeared that there was no necessity for administration, and that the only result of the administration would be the useless expenditure of a portion of the estate of which the minor was undisputedly the sole heir, and that the minor at the time was in the custody of her maternal grandmother, one of her next of kin, and that others occupying the same close relationship offered no objection, the court did not err in allowing the grandmother to retain custody of the child as a temporary guardian. Nor did the court err in restraining the various proceedings seeking to subject the estate of the ward in chancery to a useless administration, the evidence being undisputed that the ward was the sole heir of the estates both of her father and of her mother, it appearing that the estate of neither father nor mother was indebted except for their funeral expenses, and that the temporary administrator of the father had in his hands funds amply sufficient to discharge this indebtedness.

4. The order sustaining in part the demurrer of the life-insurance company left that party unaffected by the judgment of the court with reference to the custody of the minor and the guardianship of the property of the minor. It may be assumed that upon proper proceedings the court will permit any sum owing to the minor and accruing from insurance to be discharged by depositing the proper amount in court subject to its proper orders. *Judgment affirmed. All the Justices concur.*

No. 8832. NOVEMBER 21, 1932.

*I. N. Cheney, Howell, Heyman & Bolding,* and *Lovejoy & Mayer,* for plaintiffs in error.

*Boykin & Boykin* and *Smith & Millican,* contra.