38518.  RITCHIE v. DILLON *et al.*

DECIDED JANUARY 5, 1961.

*Kimzey & Kimzey, Herbert B. Kimzey,* for plaintiff in error.

*McClure, Ramsay & Struble, Robert B. Struble,* contra.

JORDAN, Judge.  John F. Dillon, Jr., and Mildred Dillon filed their petition for the adoption of a child in Stephens Superior Court.  They alleged that the child had been born on April 10, 1959, and now resided with the petitioners; that the child was a

resident of Stephens County and had no property; that they had obtained the consent of the mother of the child, a copy of the mother's consent being attached to and made a part of the petition; and that they were of good moral character and financially able to support and educate the child. The consent attached stated that Marion Lucia Heartsill freely and voluntarily consented for John F. Dillon, Jr., and Mildred Dillon to adopt the child; and that she acknowledged service of the petition for adoption and waived process of any kind or any further service or notice in the adoption proceedings. The consent was dated July 1, 1959, and was signed by Marion Lucia Heartsill.

On August 20, 1959, the date the petition was filed, an order was entered by the Judge of the Superior Court of Stephens County setting the date of the interlocutory hearing, and providing that proper service of the petition be made on the mother of the child unless said service be waived.

On June 24, 1960, and prior to the interlocutory hearing, the natural mother of the child sought to be adopted, naming herself as Mrs. Marion Heartsill Ritchie, filed a petition in the pending action in which she objected to the adoption. She alleged in her petition that her consent to the adoption had not been freely and voluntarily given but was the result of undue persuasion and importunities practiced upon her by certain named parties at a time when she was emotionally disturbed and upset; and that she now revoked that consent. She also alleged that subsequent to giving the consent she had, on March 19, 1960, married one John L. Ritchie; that they resided in Denton, Texas, where her husband was employed at a salary of approximately $60 per week; that she now has a suitable home in which to rear her child and can furnish him with the necessities of life and educate him properly; and that her husband, who was not the father of her child, concurs in her desire to have the child in their home and to rear him as their child; and that she plans for her husband to adopt the child if he should be given back to her. She further alleged that the matter was proceeding illegally since she had never acknowledged service of a conformed copy of the petition and had never been served with a copy of the same. Mrs. Ritchie prayed that her

consent to the adoption be declared null and void; that the adoption of said child by petitioners be disallowed and the custody of the child be restored to her, the natural parent of the child.

On July 9, 1960, the trial judge, after hearing the evidence and argument of counsel on the interlocutory hearing, entered an order which recited that the court found from the evidence that the child sought to be adopted was illegitimate; that the petitioners were worthy and able to care for the child; that they had had custody of the child since August 3, 1959, and had supplied him with adequate food, clothing, and care; that the written consent for the adoption of the child by petitioners was given freely and voluntarily by the mother; that there were no sound reasons for revoking the consent given to the petitioners by the mother; and that it was to the best interest of the child that he be adopted by petitioners. The court therefore ordered that temporary custody of the child be awarded to petitioners, in accordance with the provision of *Code Ann.* § 74-413.

The exception is to that judgment, it being contended by the plaintiff in error, who was the mother of the child sought to be adopted, that the court erred in not dismissing the petition for adoption since the evidence demanded a finding that she had never been served with a copy of the petition for adoption and had not acknowledged service of same; that her consent had not been freely and voluntarily given; and that she had good and sufficient cause to withdraw that consent.

1. *Code Ann.* § 74-408 provides that upon the filing of a petition for adoption the court shall fix a date on which the petition shall be considered, which date shall be not less than 75 days from the date of the filing of the petition, and that one conformed copy of the petition together with a copy of the court's order thereon shall be served on the parties whose written consent to the adoption is required under *Code Ann.* §§ 74-403 to 74-406 unless service of said petition and notice has been duly waived in writing. The record in this case discloses that on July 31, 1959, some 3½ months after the birth of the child, the mother signed a written acknowledgment of service of the petition for adoption in which she waived process of any kind or any further service or notice. This petition was subsequently

filed in court on August 20, 1959. In *Jones v. Jones,* 209 Ga. 861 (1) (76 S. E. 2d 801), it was held, "Where an acknowledgment that a copy of ·the petition was received and a waiver of all other and further service are entered upon the petition, signed by the defendant before it is filed, and two days thereafter the petition is filed and the clerk issues process as therein prayed, attaching same to the petition, the waiver of service constitutes a legal waiver of the service of the process, and the judgment rendered therein is not void because process was not served upon the defendant." Accordingly, there is no merit to the defendant's objection that the court was proceeding illegally in the matter on the ground that she had not been served with a conformed copy of the petition and the order entered thereon setting a date for the interlocutory hearing.

2. *Code Ann.* § 74-403 (Ga. L. 1941, p. 301; 1957, p. 367), reads in part as follows, "Except as otherwise specified in the following sections, no adoption shall be permitted except with the written consent of the living parents of the child. Said consent when given freely, voluntarily, may not be revoked by the parents as a matter of right." Such consent, freely and voluntarily given, is an essential prerequisite to the adoption proceedings. *Allen v. Morgan,* 75 Ga. App. 738, 748 (44 S. E. 2d 500). It is the duty of the trial judge at the interlocutory hearing to inquire into whether the parent or parents have given their free and voluntary consent to the adoption. *Murray v. Woodford,* 86 Ga. App. 273 (71 S. E. 2d 275). Likewise, the court on the final hearing of the adoption proceeding may inquire into this question in considering whether it is to the best interest of the child—the paramount purpose of the law—that the adoption be decreed. In either instance, however, the trial court's discretion in the matter will not be disturbed unless as a matter of law it can be shown that the court has abused its discretion. *Allen v. Morgan,* supra. While it is contended by the defendant that the evidence in this case demanded the finding that her consent to the adoption had not been given freely and voluntarily, the record discloses that the evidence in her behalf on this question was in direct conflict with that given by the petitioners and the witnesses who testified in their behalf.

There is ample evidence in the record to show that the consent was given by the mother after prolonged consultation with her friends and advisers and that she was fully aware of the nature and consequences of her actions. Accordingly, we cannot say that the trial judge abused his discretion in finding on the interlocutory hearing that the mother's consent to the adoption was in fact freely and voluntarily given.

3. Under the act of 1957 (Ga. L. 1957, p. 367, supra) consent to the adoption, even when freely and voluntarily given, may be withdrawn by the natural parent or parents prior to the final order of adoption for good and sufficient cause. *Hendrix v. Hunter*, 99 Ga. App. 785 (110 S. E. 2d 35). The determination of this issue, however, is also reposed in the sound discretion of the trial judge, who in an adoption proceeding, acts as both judge and jury; and his discretion will not be controlled unless manifestly abused.

It is contended by the defendant that the evidence demanded the finding that she had good cause to withdraw her consent to the adoption because of the change in her circumstances which occurred after she had given consent to the adoption and prior to the interlocutory hearing. The trial judge, as the trior of facts in this case, was not required to accept as true the facts relied on by the defendant to show good cause for the withdrawal since the defendant's testimony had been successfully controverted by the petitioners on other material issues in the case. *Code* § 38-1806.

Considering the entire record and all of the facts and circumstances of the case we cannot say that the trial judge, acting as judge and jury, abused his discretion in finding contrary to the defendant on the issues involved. We are not here dealing with facts and circumstances which might occur after the interlocutory hearing and prior to the final hearing in this matter. The judgment of the trial court on the interlocutory hearing is affirmed.

*Judgment affirmed. Townsend, P. J., and Carlisle J., concur. Frankum, J., not participating.*