46083. McCALL v.VANPOPERING et al.

ARGUED APRIL 5, 1971—DECIDED JULY 1, 1971.

Lester & Lester, James L. Lester, for appellant.

Thomas R. Burnside, Jr., Fred K. Harvey, Jr., Sanders, Hester, Holley, Ashmore & Boozer, for appellees.

BELL, Chief Judge. ■ Code Ann. § 74-403, as amended, requires as a condition precedent to the adoption of a child that the written consent of the living parents first be given. The consent must be given freely and voluntarily, and when so given it cannot be revoked by the parents as a matter of right. Exclusive jurisdiction of adoption proceedings is vested in the superior courts. Hearings on adoption matters are held in the judge's chambers and the judge acts as both judge and jury. Thus in all adoption proceedings the judge exercises a wide discretion which will not be set aside by the appellate courts unless abused. Ritchie v. Dillon, 103 Ga. App. 7 (118 SE2d 115); Hiott v. Duncan, 120 Ga. App. 131 (169 SE2d 691). The evidence adduced at the hearing in this case fully supported the judge's finding that the consent was freely and voluntarily given by the natural mother and should not be set aside.

■ The jurisdiction of the Superior Court of Richmond County over the adoption proceedings is questioned by appellant. The dispute arises by reason of the removal of the child by the natural mother to the State of New Jersey. The record shows without contradiction that this removal took place after the petition for adoption had been filed in the Superior Court of Richmond County. Under our law jurisdiction over the action is in the superior court of the county where the adopting parents reside. It is not disputed that at the time the petition for adoption was filed, the residence of the adopting parents was Richmond County, Georgia. Thus it is obvious that jurisdiction attached in the Richmond Superior Court

over the parties and the cause. It is uniformly agreed by the several jurisdictions in the United States that, as between the parties litigant, once jurisdiction has attached in proceedings for the custody of a minor child the subsequent removal of the child from the territorial jurisdiction of the court does not defeat the court's jurisdiction to award custody. See *Shorter v. Williams,* 74 Ga. 539; *Griffin v. Harmon,* 35 Ga. App. 40 (132 SE 108); and see Ann. 9 ALR2d 428, 446; 1 ALR2d Later Case Service 876.

This principle covering jurisdiction is analogous and the same whether the action be one for awarding "custody" of the child or one seeking the "adoption" of the child.

*Judgment affirmed. Pannell and Deen, JJ., concur.*