Petition of J. E. G. and M. K. G.,
for adoption.

No. 9883.

District of Columbia Court of Appeals.

Submitted April 6, 1976.

Decided May 24, 1976.

R. K. Millstein, Washington, D. C., for appellant.

James T. Wright, Washington, D. C., for appellee.

Before REILLY, Chief Judge, GALLAGHER and NEBEKER, Associate Judges.

PER CURIAM.

This is an appeal by a mother from a decree of adoption granted by the Family Division of the Superior Court. The subject of the adoption proceedings is an 11-year-old boy, born in the District of Columbia in 1964, the legitimate son of Mr. and Mrs. William Jackson.[1] He was

---

1. Pursuant to D.C.Code 1973, § 16–311, all records in adoption proceedings are sealed. In keeping with this policy, the practice of this court in publishing judicial opinions in adoption matters is to refer to the parties only by their initials. When a parent has turned a child over for adoption to a child-placing agency and the child is subsequently adopted, it is generally desirable that both sets of parents remain unaware of each other's identity. *See* Clarke, Domestic Relations (1968) at 615–16.

There is no occasion here for following this practice, as the child, his natural parents,

placed by his parents only a few months after birth in the home of Mr. and Mrs. James E. Gamble, also residents of the District of Columbia. This child was raised thereafter by the Gambles without financial assistance from either parent. The Jacksons were divorced in Cumberland County, North Carolina in 1969. Mrs. Jackson was remarried and is now Mrs. Brenda Mae Pettiford. From the time he was placed with the Gambles in 1964, the child was visited by his natural mother only infrequently.

On July 7, 1974, the Gambles filed a petition for adoption in the Superior Court, which petition was consented to by the child's natural father. The child's mother, served by registered mail in North Carolina where she resides, came to the District of Columbia and spirited her son back to North Carolina without the knowledge or consent of the Gambles. She then entered an appearance through local counsel here to contest the adoption. After a hearing where the mother was represented by counsel, the Family Division entered an adoption decree in favor of the Gambles on May 20, 1975. In this appeal, the mother challenges the jurisdiction of the court to enter the adoption decree absent her consent.

■ We are satisfied that the court below had jurisdiction to enter the decree. Under D.C.Code 1973, § 16–301(b)(1), it is sufficient to confer jurisdiction that the Gambles, the petitioners, were residents of the District. Beyond this minimal requirement, however, we note that the child to be adopted was born here, raised here, and was present here when the adoption petition was filed. Moreover, the natural mother entered an appearance in the proceedings below and was represented by counsel at the hearing. The fact that the child was removed from the District of Columbia while the proceedings were

and the adoptive parents are fully acquainted with one another, and, as an issue of full faith and credit may arise in another jurisdic-

pending does not operate to defeat jurisdiction. *McCall v. VanPopering*, 124 Ga. App. 149, 183 S.E.2d 411 (1971).

■ ■ With respect to the merits of the decision below, we find no error. An adoption can be granted in the face of a natural parent withholding consent if the court finds that the parent abandoned the child, or if the court, after a hearing, determines that the parent is withholding consent contrary to the best interest of the child. D.C.Code 1973, § 16–304(d), (e). The court below entered findings that the natural mother had abandoned the child, and that the child's best interests demonstrated that the petition be granted. We find sufficient evidence in the record to support both findings, and accordingly affirm the decree.

One bothersome aspect of this case is the problem posed to the adopting parents by collateral litigation in another jurisdiction. It has been brought to our attention that while this appeal was pending, but subsequent to the entry of the adoption order in the court below, the natural mother (appellant here) obtained a custody decree in the same North Carolina court which had originally granted her a divorce. This supplementary decree awards her custody of all the children by her prior marriage, including the son who is the subject of the challenged adoption. Her former husband, who was a party to the custody proceedings, was present but did not object. The Gambles, who had raised the child and had *de facto* custody of him since birth, were not parties to the North Carolina proceedings.

Had the adoption decision of the Superior Court been called to the attention of the North Carolina court, we doubt that such court would have acted as it did, as the Supreme Court of that state has held adoption decrees of the courts of another

tion, there should be no doubt about the identities of the parties.

jurisdiction entitled to full faith and credit. *Ex parte Osborne,* 205 N.C. 716, 172 S.E. 491 (1934); *accord, Ross v. Pick,* 199 Md. 341, 86 A.2d 463 (1952).

 Being mindful of the unfortunate consequences to children whose parents (including adoptive parents) resort to self-help by taking a child from one state to another in order to circumvent an adverse custody order, we are constrained to warn appellees that our affirmance of the adoption decree does not confer upon them any legal right to go into North Carolina and remove the adoptee from his mother's home without the consent of the proper authorities in that state. Their proper remedy is to seek redress in the North Carolina courts.

*Affirmed.*