## 55111. HUFF v. MOORE et al.

DEEN, Presiding Judge.

Linda K. Huff appeals from an order of the Superior Court of Richmond County which granted Herbert H. Moore, Jr. and Rosemary Moore's petition for the adoption of Ms. Huff's illegitimate daughter by Mr. Moore.

In her first enumeration of error, Ms. Huff contends that the trial court lacked subject-matter jurisdiction to entertain the adoption proceeding because the child was not domiciled or residing in Georgia when the petition for adoption was filed. Ms. Huff signed a document titled "Consent to Adoption and Waiver of Service and Notice" on May 14, 1977, while she and the child were residents of Leavenworth, Kansas. Mr. and Mrs. Moore are residents of Richmond County. The petition was filed May 24, 1977. The child did not come to Georgia until approximately two weeks before a hearing on the petition which was held on August 26, 1977.

Code Ann. § 74-401 provides: "The superior courts of the several counties shall have exclusive jurisdiction in all matters of adoption. . . All petitions for adoption shall be filed in the county in which the adopting parent or parents reside, . . ." However, "[i]n order for a superior court of Georgia to have jurisdiction of an adoption proceeding, the child to be adopted must be domiciled in, or be a resident of this state." *Herrin v. Graham,* 87 Ga. App. 291, 292 (73 SE2d 572) (1952). See also *Portman v. Mobley,* 158 Ga. 269 (123 SE 695) (1924). "A proceeding for adoption in which the child is not domiciled in this state is void. *Portman v. Mobley,* supra." *Herrin v. Graham,* supra. The subject-matter jurisdiction of the Superior Court of Richmond County depends ". . . upon whether the child was legally domiciled *in that county at*

*the time the proceedings were begun."* (Emphasis supplied.) *Altree v. Head,* 90 Ga. App. 601, 604 (83 SE2d 683) (1954). Code Ann. § 79-404 provides that the domicile of an illegitimate child shall be that of the mother.

Although Ms. Huff signed a document consenting to the adoption, "[w]here a court has no jurisdiction of the subject-matter of a suit, the parties can not waive it. [Cits.]" *King v. King,* 203 Ga. 811, 817 (48 SE2d 465) (1948). Accordingly, this judgment must be reversed.

It is, therefore, unnecessary to consider appellant's remaining enumerations of error.

*Judgment reversed. Smith and Banke, JJ., concur.*

ARGUED JANUARY 4, 1978 — DECIDED FEBRUARY 1, 1978.

*Columbus Gilmore, W. Joseph Baird, Robert W. Cullen, John L. Cromartie, Jr.,* for appellant.