## 55143. McGOWAN v. WILKINSON et al.

BANKE, Judge.

The appellant, Vickie Marie McGowan, appeals the judgment of the trial court granting the appellees', Mr. and Mrs. Charley T. Wilkinson, petition to adopt the appellant's minor child.

The appellant's illegitimate daughter was born on October 18, 1976. Premised on the appellees' desire to adopt the child, the appellant signed a consent to her adoption in late May or early June 1977. Prior to the final adoption hearing on September 15, 1977, the appellant filed an intervention and writ of habeas corpus. The habeas corpus petition was denied on September 9, 1977, and the appellees' petition to adopt was granted at the September 15, 1977, hearing.

1. The appellant alleges that the trial court erred in finding that she had freely and voluntarily consented to the adoption of her daughter. See former Code Ann. § 74-403 (1) (Ga. L. 1941, pp. 300, 301; Ga. L. 1951, pp. 289,

290; Ga. L. 1957, pp. 367; Ga. L. 1960, pp. 791, 792; Ga. L. 1967, pp. 107, 108). Code Ann. § 74-403 (Ga. L. 1977, pp. 201, 203) (eff. January 1, 1978) was not in effect at the time the consent was executed. Specifically, she argues that the attorney representing appellees misled her into believing that she could revoke her consent and reclaim her baby as a matter of right any time within 90 days after signing the consent form.

The undisputed evidence shows that the attorney for the appellees informed the appellant that she would have to seek assistance from an attorney if she later wanted to revoke her consent. He also asked the appellant several times if she understood the seriousness of what she was doing and suggested that she consider her decision overnight before signing the form. Additional evidence was introduced which showed that the appellant had considered releasing her child for adoption before being contacted by the appellees about the possibility of a private adoption. Considering all of the above evidence, we cannot say that the trial judge abused his discretion in finding that the appellant had freely and voluntarily consented to the adoption. See *Ritchie v. Dillon,* 103 Ga. App. 7 (2) (118 SE2d 115) (1961); *McCall v. VanPopering,* 124 Ga. App. 149 (1) (183 SE2d 411) (1971).

2. The appellant also contends that even if her consent were freely and voluntarily given, the trial judge's rulings were error since she had shown "good and sufficient cause" for revocation of her consent. She relies on her improved financial ability to care for the child and on her improved relationship with her family. In the absence of additional circumstances, the trial judge did not err in refusing to release the appellant from her consent. See *Duncan v. Harden,* 234 Ga. 204 (214 SE2d 890) (1975) (consent revoked because of emotional pressure on mother; father believed he was legally obligated to give his consent; and Department of Human Resources subsequently agreed to allow mother to withdraw her consent); *Fulton v. Schneider,* 130 Ga. App. 274 (202 SE2d 706) (1973) (consent waived because of mother's mental and physical stress at time of signing plus recommendation of Department of Family & Children Services that adoption be disapproved).

3. Because of our ruling in Division 1, supra, the court finds it unnecessary to consider the appellant's remaining enumerations of error.

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

ARGUED JANUARY 5, 1978 — DECIDED APRIL 18, 1978.

*Bozeman & Ramsey, H. G. Bozeman,* for appellant.
*Green & Tribble, Judson Leon Green, III,* for appellees.