### 55990. OWENS et al. v. GRIGGS.

DEEN, Presiding Judge.

Randall Keith Owens and Lelia Teresa Owens appeal from an order of the Superior Court of Polk County dismissing their petition seeking to permit Mr. Owens to adopt his wife's son by a previous marriage to defendant.

At the hearing on the petition, plaintiff placed defendant on the stand for purposes of cross examination. He testified that the parties were divorced on December 5, 1974, and he had not supported the child during 1975 and 1976, but began making regular payments to the Child Support Recovery Unit in January 1977 after being contacted by agents of the unit. The trial court found that plaintiff's petition was filed on March 25, 1977, and that "Under the provisions of Ga. Code Ann. § 74-403, no adoption can be permitted without the consent of the father, where the father has been making regular payment of child support for a period of three months prior to the filing of the petition for adoption, and where there has been no evidence of abandonment."

1. Under former Code Ann. § 74-403 (in effect at the time the petition was filed), consent of the parent is not required where the parent has abandoned the child or where a parent fails to comply with a support order for a period of 12 months or longer. The twelve-month period is the twelve months immediately preceding the filing of the adoption petition. *Sale v. Leachman,* 218 Ga. 834 (131 SE2d 185) (1963). Thus, payment of support within three

months of filing the petition would show that the father "...
responded to his parental responsibility and did obey the
decree." *Sale v. Leachman,* supra, p. 837. In this case,
however, defendant began making payments on January
7, 1977, but only the March 23, 1977, payment was made
for the full $20 per week as provided in the decree. Over
the period of time that defendant made payments he owed
approximately $160 in child support, but paid only $95.
Moreover, this payment was not made to the mother of the
child as provided in the decree, but to the Child Support
Recovery Unit. Under the Child Support Recovery Act the
Department of Human Resources is subrogated to the
rights of the mother when she begins receiving welfare, so
that they might attempt to collect this money from the
natural father. Code Ann. § 99-905b. As there is no
evidence as to when the mother received welfare
payments so that the father's payment could be
considered to be the equivalent of meeting his child
support obligations, it was error for the trial court to hold
that he was making regular support payments for three
months prior to the filing of the petition.

2. The trial court also found no evidence of
abandonment. However, by granting defendant's motion
to dismiss after hearing evidence, the motion must be
treated as a motion for summary judgment under Code
Ann. § 81A-156 and all parties shall be given reasonable
opportunity to present all material made pertinent to
such a motion. See *Daylight Industries, Inc. v. Allen,* 123
Ga. App. 69 (179 SE2d 542) (1970). As abandonment is a
separate issue from failure to pay support under former
Code Ann. § 74-403, the trial court could find that failure
to pay sufficient support or payment of the support to the
recovery unit is not in conflict with a finding of
abandonment. See *Hamrick v. Riggins,* 128 Ga. App. 479
(197 SE2d 145) (1973). As there were material questions
of fact for the court to hear, it was error to dismiss
appellants' petition without allowing them to present
evidence of abandonment.

*Judgment reversed. Smith and Banke, JJ., concur.*

Submitted June 6, 1978 — Decided June 29, 1978.

*York, Cummings & McRae, Michael D. McRae,* for appellants.

*Gammon & Anderson, Wayne W. Gammon,* for appellee.