## 58156. WEAVER v. DEEN.

DEEN, Chief Judge.

1. The trial judge, who has the opportunity to observe the adults and children involved in a proceeding for adoption, and to listen to their testimony, has a wide discretion in determining whether the petition should be granted, and if the judgment is supported by any substantial evidence it should be affirmed by this court. *Nix v. Sanders,* 136 Ga. App. 859 (223 SE2d 21) (1975).

2. The testimony in this adoption proceeding initiated by the stepfather of two children aged approximately 12 and 14, and opposed by the natural father, is largely undisputed. The main contradiction centers over whether the natural father attempted on one or on two occasions to pay his divorced wife $25 during the 10 years or more that elapsed between the divorce and this proceeding. Construed in favor of the adoption order, it appears that when the parties divorced the wife was awarded custody of the infants plus $25 per week child support. About two years later (the father having had surgery in the meantime which disabled him during a part of that time) he offered her one payment of $25 which was refused. The wife remarried and indicated she wanted nothing from the father; he kept up a sporadic contact with her and occasionally inquired whether the children needed anything but tendered no money and took no other steps toward seeing them. Under his own testimony he had made no effort to see them during the

past nine-years, or made any other attempt to fulfill his support obligations until made aware of the intent of the stepfather to initiate adoption proceedings, after which upon advice of counsel he tendered a cashier's check for $500 which has not been cashed. Both children (one slightly over fourteen, one two or three years younger) testified that they wanted the adoption to take place. There is nothing to indicate this testimony was coerced. We find no abuse of discretion in allowing the procedure on a finding that the natural father "failed significantly, without justifiable cause, for a period of one year or longer immediately prior to the filing of the petition for adoption . . . to make a bona fide attempt . . . to provide for the care and support" of the children.

*Judgment affirmed. Birdsong and Carley, JJ., concur. Shulman, J., not participating.*

ARGUED JULY 2, 1979 — DECIDED SEPTEMBER 4, 1979.

*Michael J. Long,* for appellant.
*Homer M. Scarborough, Jr.,* for appellee.