58317. OWENS et al. v. GRIGGS.

DEEN, Chief Judge.

1. "Where a decree has been entered by a superior court of this State . . . ordering a parent to support a child and such parent has wantonly and wilfully failed to comply with the order for a period of 12 months or longer, the consent of such parent shall not be required and the consent of the other parent alone shall suffice in any proceedings for adoption relative to such child." Code § 74-403 (2).

2. In adoption proceedings, as in other cases involving infants, the best interest of the child is always a prime factor to be considered by the court. It has been said that the judge hearing an adoption case has a wide

discretion which will not be overturned unless it has been abused, so that even slight evidence will support a judgment denying the petition. *Grady v. Hill,* 128 Ga. App. 153 (195 SE2d 794) (1973); *McCall v. VanPopering,* 124 Ga. App. 149 (183 SE2d 411) (1971). The caveat to this rule is that the discretion vested in the court is a legal discretion and the evidence terminating the parental right of a living parent "must be legally sufficient to authorize a finding of fact by the court that the consent has been given or that the parent" has forfeited his right to the relationship. *Johnson v. Strickland,* 88 Ga. App. 281, 284 (76 SE2d 533) (1953). That case was brought under a prior Georgia statute allowing adoption without consent in cases of abandonment. Our present Code § 74-403 above quoted eliminates the word "abandonment" and substitutes a wilful and wanton failure to comply with, for example, an order for child support entered as part of a divorce decree. Under the present law to support the adoption without consent of the father there must be some evidence legally sufficient to support findings (a) that the order was not complied with and (b) that the failure was wilful. Wilfulness, of course, imports a present ability to act otherwise, and a direct choice to follow the proscribed course of conduct. It was pointed out in *Allen v. Allen,* 194 Ga. 591 (4) (22 SE2d 136) (1942) that where the parties agree on a separation the wife cannot thereafter charge the husband with wilful desertion. In child support cases the legal duty remains a continuing one upon the father to support the child whether the mother consents to his failure to do so or not, but uncontradicted evidence that the mother refused support offered would not support a finding of wilful and wanton failure to support, although if there were a conflict in the evidence on this issue the discretion of the trial judge, who saw the parties and heard their testimony, would, except in the most unusual circumstances, control.

3. The facts of this case are set out in *Owens v. Griggs,* 146 Ga. App. 478 (246 SE2d 480) (1978) where the Owens (the natural mother and stepfather of the infant) sought adoption by the latter on the ground that the natural father had failed to abide by the provisions of the divorce decree which ordered him to pay $20 per week for

its support. There we reversed the dismissal of the action by the trial court, who found that the father was making payments to the Child Support Recovery Unit and that there was no evidence of abandonment. We treated the posture of the case as one for summary judgment, reversed for trial and pointed out that abandonment and failure to pay support are separate issues, meaning that a finding as to one will not in all events control the determination of the other.

Upon the ensuing trial several things appeared. It was fairly well established that the mother, although allowing the paternal grandparents visiting privileges and accepting their help, generally made sure that none of this was in the presence of the father. The parents were teenagers when the child was conceived and the marriage lasted a very short period of time. The father had suffered a severe neck injury, eventually returned to and finished high school, and thereafter held a variety of short term unskilled or semi-skilled jobs. Whether the mother asked him for support money or whether she told him she did not want it was in dispute. The father testified that he always sent Christmas, birthday and Easter presents to the child and asked for but was refused the right to see him. It is undisputed that until the mother's remarriage at least she relied heavily on the help afforded by the paternal grandparents. Her testimony on the question of child support and visitation privileges was: "He said he was not going to pay it and I said he was not going to see him."

We cannot say that there is not some evidence, including payments by the husband to the government agency and the voluntary relinquishment of welfare support payments on the part of the mother, to substantiate the finding of the trial court that there had not been, during the past 12 months, a wilful and wanton failure to comply with the provisions of the divorce decree.

*The judgment denying the petition for adoption is affirmed. Shulman and Carley, JJ., concur.*

SUBMITTED SEPTEMBER 4, 1979 — DECIDED OCTOBER 12, 1979.

*Michael D. McRae,* for appellants.

*Wayne W. Gammon,* for appellee.