## 60791. HAYSLIP v. WILLIAMS.

McMurray, Presiding Judge.

This case involves an adoption proceeding filed March 15, 1979. The petitioner in the trial court is the stepfather of the minor child who is married to the child's natural mother. The natural mother has consented and concurred in the adoption proceeding. The petitioner contended that he could not, after due diligence, locate the natural father who "did reside at 3158 Brownell Avenue, Macon, Georgia and this is the last place in which he resided to the best knowledge of the

petitioner." Service was then requested and obtained by publication. The natural father observed the advertisement in the local newspaper and also received a certified copy of the papers by mail.

The petitioner sought to adopt the minor child on the ground that the natural father "failed significantly without justifiable cause for a period of more than twelve (12) months immediately prior to the filing of this petition for adoption to communicate, or to make a bona fide attempt to communicate, with the child, or to provide for the care and support of the child as required by law or judicial decree."

The natural father responded, in general, denying the averments of the petition for adoption with reference to his failure to communicate with the child and failure to provide for the care and support of the child, contending he had made numerous attempts to contact petitioner and petitioner's present wife for the purpose of exercising his visitation privileges; that they had avoided respondent and denied his visitation with the child. The natural father further contended he had been told by his ex-wife, prior to his ceasing to pay child support, "that she did not need his money, and did not want his money, and that he would never see the child again"; that he has never been told that the child was in need of food, clothing, medical expenses, or other necessities and he is presently paying his child support payments, although admitting he was in arrears.

The matter came on for hearing before the court in which the court made certain findings of fact with reference to the parties, and the fact that the respondent natural father resided at the address shown as his last known address and had resided there since late 1977. On February 6, 1979, the natural mother had received 3 money orders contained in one envelope from the natural father which bore the return address, and this was the only child support which respondent had furnished his child since February 4, 1978, although respondent was required by judicial decree to pay $25 per week as specified in the divorce decree, having made only 3 payments, that is, on February 6, 1979, since February 4, 1978. The findings of fact also point out that some effort had been made to locate the natural father who had no contact with them for the period in excess of one year prior to the filing of the petition except for the receipt of the money orders on February 6, 1979.

In the conclusions of law the court determined that service had been perfected upon the natural father who had read the notice published in the local newspaper and had received a certified copy of the proceedings through the mail, citing *Hatgimisios v. Smith,* 229 Ga. 475, 476 (192 SE2d 270). The motion to dismiss for lack of notice was denied. The court then determined the denial of visitation rights has long been held to be no defense for nonpayment of child support,

hence the fact that the father had only contributed 3 payments of $25 each, that is, $75 payment out of $1300 owed for a year, was not a significant amount of support paid, concluding, "the natural father has failed significantly to provide for the care and support of his child as required by judicial decree." The court then determined that adoption was in the best interest of the child. A final order of adoption was granted.

Whereupon the respondent natural father filed a motion for new trial showing alleged newly discovered evidence with reference to certified mail which the mother did not pick up containing additional checks and showing numerous payments at $25 weekly since the adoption proceedings were filed. In response to the motion for new trial the petitioner and the natural mother deposed by affidavit that even with receipt of these payments the movant was still in arrears for over one year in his child support at the time of the petition for adoption. The motion for new trial was denied, and the respondent appeals. *Held:*

1. Error is enumerated that the trial court erred in denying respondent's motion to dismiss for lack of service. However, respondent received substitute service and no harm has been shown since he filed his objections to the proposed adoption, appeared and was heard by the court. There is no merit in this complaint. *Bentley v. McSwain,* 153 Ga. App. 451, 454 (2) (265 SE2d 360) and citations therein.

2. The evidence here shows considerable arrearage in weekly payments which the respondent natural father sought to explain to be due to the mother advising that she did not want the support. The evidence disclosed a failure to make payments from February 4, 1978, to February 6, 1979, although at that particular time, on February 6, 1979, 3 payments were made prior to the filing of the petition for adoption on March 15, 1979. The trial court determined that the $75 payment out of $1300 owed for a year is not significant and the natural father "failed significantly to provide for the care and support of his child as required by judicial decree." We have for decision whether this conclusion was sufficient to grant the adoption. In *Hamrick v. Riggins,* 128 Ga. App. 479 (197 SE2d 145), this court held that payments for support made 3 months immediately prior to the petition were inadequate and not in conflict with the trial court's finding of abandonment of the minor child. See also *Owens v. Griggs,* 146 Ga. App. 478, 479 (246 SE2d 480), s.c., 151 Ga. App. 730 (261 SE2d 463); *Nix v. Sanders,* 136 Ga. App. 859 (223 SE2d 21); *Hamrick v. Seward,* 126 Ga. App. 5 (189 SE2d 882); *Hix v. Patton,* 147 Ga. App. 14 (248 SE2d 28). Compare *Sale v. Leachman,* 218 Ga. 834 (131 SE2d 185).

Accordingly, under the circumstances, the evidence was sufficient for the court to determine and find as a matter of fact that the father wilfully failed to significantly care for and support said child as required by the judicial decree. Hence there is no merit in the complaint that the trial court erred in holding the $75 payment was not a "significant" payment and that respondent natural father failed significantly to provide for the care and support of his child and in granting the adoption petition.

*Judgment affirmed. Smith and Banke, JJ., concur.*

ARGUED OCTOBER 8, 1980 — DECIDED OCTOBER 31, 1980.

*S. Phillip Brown,* for appellant.
*Carl E. Westmoreland,* for appellee.