59679, 59680. DAVEY et al. v. EVANS et al.; and vice versa.

Smith, Judge.

This case arises out of a dispute over the adoption and custody of Mary Angela Evans, age 3. The Daveys are her maternal aunt, uncle and grandparents, all residents of Cartersville, Bartow County,

Georgia. The Evanses are her paternal aunt and uncle, who reside in Richmond County, Georgia. The child had been living with her parents in Tennessee. On April 5, 1979, the parents left Tennessee for a brief vacation in Florida. They left Mary Angela with her paternal grandparents, in Richmond County, Georgia. Tragically, the parents died in an automobile collision. For several months thereafter, the parties to this action shared custody of the child. Other than the individuals mentioned above, she has no known living relatives willing to care for her. On August 4, 1979, the Evanses filed a petition for adoption. The adoption was granted over appellants' objections. The issues presented are 1) whether the trial court had jurisdiction to enter an adoption decree and 2), assuming the court had jurisdiction, whether it erred, under the circumstances of this case, in granting the adoption. We affirm.

1. Under both Georgia and Tennessee law, it appears that Mary Angela was a domiciliary of Tennessee at the time of her parents' death. See Code § 79-404; *Hayslip v. Gillis,* 123 Ga. 263 (51 SE 325) (1905); *Sailors v. Spainhour,* 98 Ga. App. 475, 479 (106 SE2d 82) (1958). Appellants, citing *Huff v. Moore,* 144 Ga. App. 668 (242 SE2d 329) (1978), and *Herrin v. Graham,* 87 Ga. App. 291 (73 SE2d 572) (1952), contend that, since the child's domicile is in Tennessee, the Georgia courts are without jurisdiction to grant an adoption. Appellees argue that, under current Georgia law, the domicile of the child is not controlling.

The asserted domicile requirement has its origin in former Code § 74-402, which provided: "The petition for adoption . . . shall be filed . . . in the superior court of the county in which said child shall be domiciled . . ." See *Portman v. Mobley,* 158 Ga. 269 (123 SE 695) (1924). In 1941, the adoption jurisdiction statute was amended. The new law provided: "All petitions for adoption shall be filed in the county in which the adopting parent or parents reside, except that upon good cause being shown, the court . . . may allow the petition to be filed in the county of the child's domicile, or in the county in which is located any licensed child-placing agency having legal custody of the child . . ." Although the adoption jurisdiction statute no longer required that the child be domiciled in a county of this state, this court continued to adhere to the requirement that the child reside or be domiciled in Georgia. In *Herrin v. Graham,* supra at 292, this court held: "It would seem that, in order for a superior court of Georgia to have jurisdiction of an adoption proceeding, the child to be adopted must be domiciled in, or be a resident of this State." Several subsequent opinions of this court expressly relied on the holding in *Herrin.* See *Altree v. Head,* 90 Ga. App. 601, 604 (83 SE2d 683) (1954); *Carpenter v. Forshee,* 103 Ga. App. 758 (120 SE2d 786) (1961); *Huff v.*

*Moore,* supra. In *Carpenter v. Forshee,* supra at 761-762, the court stated: "While the defendant in error contends that the language found in *Portman v. Mobley,* 158 Ga. 269, 273 (123 SE 695); *Herrin v. Graham,* 87 Ga. App. 291, 292 (73 SE2d 572); and *Altree v. Head,* 90 Ga. App. 601, 604 (83 SE2d 683) to the effect that 'in order for a superior court of Georgia to have jurisdiction of an adoption proceeding, the child to be adopted must be domiciled in, or be a resident of this State' is in conflict with the above 1941 act, it is not necessary in this case to pass upon this contention."

We now address this contention and hold that the residence or domicile of the child in this state is not a jurisdictional prerequisite to adoption where the adoption proceeding is brought in the county of the adopting parents' residence. Rather, jurisdiction for adoption is governed by the express language of Code § 74-401: "The superior courts of the several counties shall have exclusive jurisdiction in all matters of adoption, except such jurisdiction as may be granted to the juvenile courts. All petitions for adoption shall be filed in the county in which the adopting parent(s) resides, except that upon good cause being shown, the court of the county of the child's domicile or of the county in which is located any licensed child-placing agency having legal custody of the child sought to be adopted may, in its discretion, allow the petition to be filed in that court." "If the statute is silent as to any requirement of residence of the person who petitions for the adoption, or of the residence of the child within the state, it is generally held that such terms will not be implied, and the mere presence of the parties appears to be sufficient basis for jurisdiction." 2 AmJur2d 901, Adoption , § 50. Our holding is consistent with the position adopted in other jurisdictions whose statutory provisions are similar to our own (see Pascual v. O'Shea, 421 FSupp 80 (D. Hawaii 1976); Petition of J.E.G. and M.K.G., 357 A2d 855 (Dist. Col. App. 1976); Annot. 33 ALR3d 176), and clearly reflects the intent of the legislature.[1] To the extent that *Huff v. Moore,* supra, *Carpenter v. Forshee,* supra, *Altree v. Head,* supra, and *Herrin v. Graham,* supra, conflict with the views expressed herein, they are overruled.

It is undisputed that Mary Angela has lived in Georgia since her parents' death, spending most of this time in Richmond County. She is not in this state by virtue of any wrongful conduct. Appellees are residents of the county in which the adoption petition was filed. We

---

[1] See also Ga. L. 1977, pp. 202, 213, which deleted the language in Code § 74-407 requiring that the adoption petition set forth the "place of residence of the child." This statutory modification was not before this court at the time of our decision in *Huff v. Moore,* supra, since the adoption petition in that case was filed prior to January 1, 1978, the effective date of Ga. L. 1977, p. 202.

conclude that the trial court had jurisdiction over the adoption proceedings. See *McCall v. VanPopering,* 124 Ga. App. 149 (183 SE2d 411) (1971). In view of the fact that Mary Angela has been physically present in Georgia at all times since her parents' death, we need not decide here whether, or the circumstances under which, a child must be physically present in Georgia in order for an adoption case to proceed.

2. Appellants assert that Mary Angela cannot be adopted until a guardian is duly appointed. We cannot agree. Although the adoption petition must state "whether the child has a guardian of its person" (Code § 74-407(a)), we are aware of no requirement that a guardian *must* be appointed before an adoption is legally permissible. "In adoption proceedings . . . the best interest of the child is always a prime factor to be considered by the court." *Owens v. Griggs,* 151 Ga. App. 730 (261 SE2d 463) (1979). In the absence of any evidence showing that the failure to appoint a guardian is not in the best interest of the child, the failure to appoint a guardian is not cause for reversal.

3. Appellants challenge the adoption on the merits. However, "[t]he trial judge, who has the opportunity to observe the adults and children involved in a proceeding for adoption, and to listen to their testimony, has a wide discretion in determining whether the petition should be granted, and if the judgment is supported by any substantial evidence it should be affirmed by this court. *Nix v. Sanders,* 136 Ga. App. 859 (223 SE2d 21) (1975)." *Weaver v. Deen,* 151 Ga. App. 152 (259 SE2d 156) (1979). There being substantial evidence to support the trial court's determination that granting the adoption is in the best interest of the child, we will not interfere.

4. In their cross-appeal, appellees challenge the trial court's finding that "Mary Angela Evans remains a resident and domiciliary of the State of Tennessee." In view of our holding in Division 1 of this opinion, appellees' cross-appeal is moot and is therefore dismissed. See *Peacock v. Cox,* 243 Ga. 261 (253 SE2d 728) (1979).

*Judgment affirmed on main appeal; cross-appeal dismissed. Shulman, Banke, Birdsong, Carley and Sognier, JJ., concur. Quillian, P. J., and McMurray, P. J., concur in the judgment only. Deen, C. J., dissents.*

ARGUED APRIL 15, 1980 — DECIDED DECEMBER 4, 1980.

*W. Morgan Akin,* for appellants.

*Henry J. Heffernan, Roy D. Tritt, Charles C. Stebbins, III,* for appellees.

DEEN, Chief Judge, dissenting.

An analysis of the cases sought to be overruled is in order. In the first of them, *Herrin v. Graham,* 87 Ga. App. 291 (73 SE2d 572) (1952) it was stated (p. 293) that "it is clear that the child's domicile was changed from Tennessee to Georgia" prior to the adoption proceeding. In *Altree v. Head,* 90 Ga. App. 601 (83 SE2d 683) (1954), the child, although English by birth, was "legally in the custody of the applicant whose domicile was shown to be in" the county of domicile of the adoptive parents, being the county where the petition for adoption was filed. The third case, *Carpenter v. Forshee,* 103 Ga. App. 758 (120 SE2d 786) (1961), the natural father, a nonresident, had appeared and defended the case and was found to have abandoned the child, who was domiciled in the county of the adopting parent, and that case specifically stated that it was not necessary to pass on the contention that there was a conflict of law between the present statute and the jurisdictional statement that the child must be a resident of or domiciled in the state also. In the fourth case, *Huff v. Moore,* 144 Ga. App. 668 (242 SE2d 329) (1978), the child was neither domiciled nor a resident in Georgia when the petition was filed, and this court properly held that the Superior Court of Richmond County had no jurisdiction of the subject matter of the suit. An adoption changes status. It is a proceeding in rem, and the child is the *res.* Walter v. August, 186 Cal. App. 2d 395, 83 ALR2d 941; 2 AmJur2d, Adoption, § 48, pp. 898, 899 et cit. That this is a salutary rule, see an extended discussion of the authorities in A. v. M., 180 A2d 541 (1962). To overrule the language in the above cases to the effect that "for a superior court of Georgia to have jurisdiction of an adoption proceeding, the child to be adopted must be domiciled in or be a resident of this State" is therefore unnecessary in the first three cases cited, and would result in an unconstitutional construction of the statute in *Huff,* the fourth case sought to be overruled.

The majority opinion omits to state that there is obviously a sizeable estate presumptively belonging to this infant in Tennessee, the admitted domicile of the child and her parents at the time of their deaths. The Chancery Court of Hamilton County, Tennessee, domicile of the parties, took jurisdiction prior to any action in this state and appointed a guardian ad litem for the infant. The latter became aware of the facts that actions for custody and guardianship were filed during the pendency of the Tennessee proceedings by both maternal grandparents, aunt and uncle in Bartow County, and by both paternal grandparents, aunt and uncle in Richmond County. The Bartow County proceedings were dismissed because the child (the *res*) was not within the jurisdiction of that court. The Richmond County proceedings, subject of this appeal, followed a contrary

course, in spite of the fact that a proceeding for guardianship of the person of the child is pending in the Tennessee proceedings and a temporary restraining order was issued by the Tennessee court on October 4, 1979, prohibiting both appellants and appellees here from pursuing adoption proceedings outside the state of Tennessee. It should be added that the appellants state their willingness to abide the judgment of the Tennessee Court, which they admit has jurisdiction of the proceedings.

Georgia law is clear that the domicile of a minor is that of her father, and so continues at the time of his death. *Bedgood & Royal v. McLain,* 94 Ga. 283 (21 SE 529) (1894); *Sailors v. Spainhour,* 98 Ga. App. 475 (106 SE2d 82) (1958); Code § 79-404. That this is the general rule throughout the country see 3 Redfearn, Wills, Ga., § 399, p. 1268 (4th Ed., 1979).

For all of the above reasons it is clear that the Superior Court of Richmond County had no jurisdiction at the time this order of adoption was filed. It is also clear to me that the cases sought to be overruled are correct in each instance and that it would do more harm than good to attempt to overrule them. As to whether the courts of Tennessee have jurisdiction so as to exclude a proper action in Georgia, I have not had the time to research this difficult question. It does appear, however, that in a proper case we have a Georgia precedent which would, if followed, allow the case to continue in this state. I reason as follows:

A ward may acquire a domicile in any place where the guardian causes him to live within the state in which the guardian was appointed. See American Law Institute Restatement of the Law 2d Conflict of Laws, § 22(h), p. 91. The domicile and residence of a minor is that of the person in whom the right of custody and control are vested. *Ingle v. Rubenstein,* 112 Ga. App. 767 (146 SE2d 367) (1965). "Under the general, inherent powers of a court of equity, the judge of the superior court, presiding as chancellor, is specially vested with the authority and power to superintend and care for . . . the person . . . of a minor. Where a petition is filed relative to an infant's estate or person, which seeks relief against several persons, one of whom is a resident of the county where the petition is filed, the superior court acquires jurisdiction, and the infant immediately becomes a ward in chancery." *Chase v. Bartlett,* 176 Ga. 40 (2) (166 SE 832) (1932). In that case the child's parents died simultaneously by drowning accident. A jurisdictional dispute arose between parties in various counties of Georgia, and it was held that where the child was in the county where the equitable petition was filed the court had jurisdiction over it as a ward of the court to appoint a guardian. As has been seen above, the domicile of the orphan is then that of its

guardian, and the adoption may proceed within the requirements of the statute. I would assume that if there is a permanent guardian in Tennessee, the courts of that state would have jurisdiction; otherwise, a guardian appointed in Georgia would settle the domicile issue. But the present situation points up the grave danger of having the courts of various states disregard the question of domicile and seek to establish custody regardless of the legal situs of the *res*.

I must respectfully dissent.