## 63443. WESTBERG et al. v. STAMM.

BIRDSONG, Judge.

This is an adoption proceeding under Code Ann. § 74-405, filed by the Westbergs against the natural mother, Linda E. Stamm. The Westbergs originally obtained temporary legal custody of the minor child by order of a Florida court. The evidence shows that, although the mother was able to work and did work at times, according to the Westbergs' testimony the mother sent the Westbergs not more than $150 for support of her child in four years, and some few gifts and clothes. According to the mother's testimony she sent $250-300 for the child's support in four years, and provided gifts and clothes. The trial court found the mother had communicated with the child approximately every six weeks. The trial court granted the mother's motion for directed verdict and held: "The natural mother has not failed to communicate with the minor child for a period of one year or longer immediately prior to the filing of the petition *nor has she failed to provide for the care and support of the child as required by law or judicial decree to the extent that would authorize an adoption by the Westbergs under applicable Georgia law.* The Westbergs have never requested that the natural mother provide for the care and support of the child. Therefore the court has no alternative but to grant the Respondent's Motion for Directed Verdict [and] has no discretion to grant the adoption." (Emphasis supplied.) The Westbergs appeal. *Held:*

"The trial judge, who has the opportunity to observe the adults and children involved in a proceeding for adoption, and to listen to their testimony, has a wide discretion in determining whether the petition should be granted, and if the judgment is supported by any substantial evidence it should be affirmed by this court." *Weaver v. Deen,* 151 Ga. App. 152 (259 SE2d 156). In this case, however, we do not reach a review of the evidence or of the trial court's exercise of discretion in the case because substantial errors of law were made.

The trial judge interpreted the language of Code Ann. § 74-405 to authorize an adoption in his discretion only where it is found essentially that the parent "failed to communicate with the minor child for a period of one year immediately prior to the filing of the petition, [or] failed to provide for the care and support of the child as required by law or judicial decree to the extent that would authorize an adoption . . . under applicable Georgia law." This is not what Code Ann. § 74-405 provides. Section 74-405 provides that the trial court's discretion to grant adoption arises where, for a period of one year immediately preceding the filing of the petition, the parent has failed significantly *either* to communicate with the child, *or* to provide for

the care and support of the child as required by law or judicial decree (*and* the court is of the opinion that the adoption is for the best interest of the child).

The trial judge also apparently based his conclusion that he had no discretion to award adoption under Code Ann. § 74-405, at least in part on the fact that the Westbergs had not asked the mother for any child support. The trial court erred in placing reliance on this fact. The parent's legal obligation to support (Code Ann. § 74-105) is not governed by whether some third party asks the parent to support the child; and the parent's legal obligation to support her child (Code Ann. § 74-105) cannot be diminished, waived or mitigated by any third persons (except as this may affect the question of wilful and wanton failure to support, which is not a criteria of adoption under Code Ann. § 74-405). See *Stewart v. Stewart,* 160 Ga. App. 463 (287 SE2d 378).

Moreover, the trial court erred in granting a directed verdict to the mother in this case and in holding that he had no discretion to grant the adoption. The question of significant failure to communicate or to provide support for the one-year period, as well as the additional question of the best interests of the child, are all threshold matters of discretion with the trial court who has the opportunity to observe the parties and hear the evidence. A cardinal rule of civil procedure is that a directed verdict cannot be granted unless there "is no conflict in the evidence as to any material issue and the evidence introduced with all reasonable deductions therefrom, shall demand a particular verdict" (Code Ann. § 81A-150 (a)). It would be a rare case under Code Ann. § 74-405 — for example, one where evidence as to communication, compliance with a judicial decree of support or legal obligation to support, and the child's best interest, is undisputed and demands a certain verdict — that would authorize a directed verdict and would justify the refusal to exercise discretion. The evidence in this case is in conflict. While the trial court might determine in its discretion that the evidence did not authorize an adoption under Code Ann. § 74-405, and thus deny the adoption, it was improper to grant a directed verdict to the mother and to then say no exercise of discretion was authorized.

This case is reversed and remanded for redetermination under Code Ann. § 74-405, except in the event the issue may have been rendered moot by any proper intervening order of a Florida court having jurisdiction of the case.

*Judgment reversed and case remanded. McMurray, P. J., and Banke, J., concur.*

DECIDED MAY 18, 1982.

*Ben B. Mills, Jr.,* for appellants.
*Steven M. Falk, Robert Sherrell,* for appellee.