77233. HOWARD v. BRIDGER et al.
(375 SE2d 270)

CARLEY, Judge.

Appellant, as the natural mother of a minor child, surrendered her parental rights to appellees and acknowledged her surrender in accordance with OCGA § 19-8-4. When appellant did not withdraw the surrender within the ten-day period thereafter, appellees petitioned for adoption of the child. Appellant filed an objection to the adoption. The trial court, after conducting an evidentiary hearing, granted appellees' petition for adoption, finding that appellant's surrender of her parental rights had been freely and voluntarily given and that the adoption by appellees was in the best interest of the minor child. Appellant appeals from the trial court's order of adoption.

1. The trial court's finding that appellant's surrender of her parental rights was freely and voluntarily given is enumerated as erroneous.

"It is the duty of the trial judge at the [adoption] hearing to in-

quire into whether the parent . . . [has] given [her] free and voluntary consent to the adoption. [Cit.]. . . . [T]he trial court's discretion in the matter will not be disturbed unless as a matter of law it can be shown that the court has abused its discretion. [Cit.]" *Ritchie v. Dillon*, 103 Ga. App. 7, 10 (2) (118 SE2d 115) (1961). A review of the record shows that, prior to signing the surrender and the acknowledgment thereof, appellant had discussed her decision with members of her family and was fully aware of the legal consequences of her actions. "Considering . . . the above evidence, we cannot say that the trial judge abused his discretion in finding that the appellant had freely and voluntarily consented to the adoption. [Cits.]" *McGowan v. Wilkinson*, 145 Ga. App. 691, 692 (244 SE2d 626) (1978). See also *Ridgley v. Helms*, 168 Ga. App. 435, 437 (1) (309 SE2d 375) (1983).

2. Appellant enumerates as error the failure of the trial court to consider, in making its determination of whether the adoption was in the best interest of the child, that appellant retained custody of the minor child while the adoption petition was pending.

Assuming without deciding that, notwithstanding our holding in Division 1, appellant has standing to raise any further objections to the merits of the order of adoption (see *Young v. Foster*, 148 Ga. App. 737, 739 (5) (252 SE2d 680) (1979)), the trial court's failure to give any consideration to circumstances occurring subsequent to the filing of the adoption petition was correct. See generally *Kirkland v. Lee*, 160 Ga. App. 446, 451 (2) (287 SE2d 365) (1981). The relevant evidence of record supports the trial court's grant of appellee's adoption petition. " '(T)he trial judge, who has the opportunity to observe the adults and children involved in a proceeding for adoption, and to listen to their testimony, has a wide discretion in determining whether the petition should be granted, and if the judgment is supported by any substantial evidence it should be affirmed by this court. [Cit.]' [Cit.] There being substantial evidence to support the trial court's determination that granting the adoption is in the best interest of the child, we will not interfere." *Davey v. Evans*, 156 Ga. App. 698, 701 (3) (275 SE2d 769) (1980).

3. Although appellant enumerates as error the trial court's purported failure to conduct a hearing on the adoption petition as required by OCGA § 19-8-13, a review of the record shows that the trial court did, in fact, conduct a full and complete hearing. Appellant's argument is based on the fact that appellant asked the trial court to hold a *second* hearing on the petition in order that she might present additional evidence. Any evidence which appellant contends was relevant should have been introduced at the first hearing, and the trial court was not obligated to have an additional hearing in order to accommodate appellant. It follows that this enumeration is without merit.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 31, 1988 —
REHEARING DENIED NOVEMBER 16, 1988.

*Wayne C. Yancey, Kelly R. Burke*, for appellant.
*Martin, Snow, Grant & Napier, John T. McGoldrick, Jr.*, for appellees.